Katherine A. Bowles, State Bar No. 287426
kbowles@fennemorelaw.com
Maggie DiCostanzo, Pa. Atty ID No. 86305
(Admitted Pro Hac Vice)
mdicostanzo@fennemorelaw.com
**FENNEMORE LLP**
18881 Von Karman Ave., Suite 1260
Irvine, CA 92612
Tel: (949) 430-3437
Fax: (949) 752-0953
Attorneys for Defendant Opencare, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANNABEL KADY, et al.,

Plaintiff,

v.

OPENCARE, INC.,

Defendant.

Case No. 4:25-cv-05037-KAW

**DEFENDANT OPENCARE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 12(b)(1),(6); ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

| | |
|---|---|
| Date: | February 5, 2026 |
| Time: | 1:30 p.m. PST |
| Courtroom: | Oakland Courthouse<br>1301 Clay Street,<br>Oakland, California 94612 |

**[Proposed] Order Lodged Concurrently**

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1),(6), on February 5, 2026 at 1:30 p.m. PST, or as soon as may be heard in the Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612, Defendant OPENCARE, INC. ("Opencare") moves to dismiss the Complaint brought by Plaintiffs ANABEL KADY ("Plaintiff Kady") and ALEXYS TAYLOR ("Plaintiff Taylor") on the basis that the Complaint fails to state a claim upon which relief may be granted and fails to establish Article III standing (the "Motion").

Prior to filing the Motion, the parties engaged in several meet and confer phone calls to address the sufficiency of the pleadings, but the meet and confers were not able to obviate the need for this Motion. The Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and files on record with the Court, and the judicially noticeable matters presented at or before the hearing.

**FENNEMORE LLP**

Dated: December 12, 2025

*/s/ Maggie DiCostanzo*
Maggie DiCostanzo
Katherine A. Bowles
Attorneys for Defendant OPENCARE, INC.

**TABLE OF CONTENTS**


I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 1

III. LEGAL STANDARD ..... 2

A. Failure to State a Claim under Rule 12(b)(6) ..... 2

B. Lack of Article III Standing under Rule 12(b)(1) ..... 3

IV. LEGAL ANALYSIS ..... 4

A. Plaintiffs Fail to State a Claim Because Each Claim Is Premised Upon a Misunderstanding of the Type of Information Protected ..... 4

1. Failure to State a Claim for Negligence ..... 4

2. Failure to State For Invasion of Privacy ..... 7

3. Failure to State a Claim for each of Confidence ..... 8

4. Failure to State a Claim for Unjust Enrichment ..... 8

5. Failure to State a Claim for Violation of Electronic Communications Privacy Act ..... 9

6. Failure to State a Claim for Violaion of California Invastion of Privacy Act ..... 10

7. Failure to State a Claim for Violaion of California Confidentiality of Medical Information Act ..... 11

8. FFailure to State a Claim for Violaion of the California Customer Records Act ..... 13

B. Plaintiffs Lack Article III Standing to Bring the Claims ..... 14

C. Leave to Amend Should be Denied as Futile ..... 15

V. CONCLUSION ..... 16

# TABLE OF AUTHORITIES


**Cases** **Page(s)**

Am. Hosp. Ass'n v. Becerra,
738 F.Supp.3d 780, 799-804 (N.D. Tex. June 20, 2024) ........ 5

Ashcroft v. Iqbal,
556 U.S. at 678, 129 S.Ct. at 1949 ........ 2, 3, 7, 9, 13

Austin v. Atlina,
2021 WL 6200679, at *3 (N.D. Cal. Dec. 22, 2021) ........ 5

Balistreri v. Pacifica Police Dep't,
901 F.2d 696, 699 (9th Cir. 1988) ........ 3

Baysal v. Midvale Indem. Co.,
78 F.4th 976, 979 (7th Cir. 2023) ........ 14

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) ........ 2, 3, 7, 9

Big 5 Sporting Goods Corp. v. Zurich Am. Ins. Co.,
635 Fed. App'x 351, 354 (9th Cir. 2015) ........ 8

Brown v. USA Taekwondo,
11 Cal. 5th 204, 213, 483 P3d 159, 164, 276 Cal.Rptr.3d 434, 440 (2021) ........ 4

Clapper v. Amnesty Int'l,
568 U.S. 398, 411-415, 133 S.Ct. 1138, 1148-1150, 185 L.Ed.2d 264 (2013) ........ 3

DeSoto v. Yellow Freight Sys., Inc.,
957 F.2d 655, 658 (9th Cir. 1992) ........ 15

Doe v. Meta Platforms, Inc.,
690 F.Supp.3d 1064, 1087 (N.D. Cal. 2023) ........ 5

Eisenhower Med. Ctr. v. Super. Ct.,
226 Cal. App. 4th 430, 437; 172 Cal. Rptr. 3d 165, 170 (2014) ........ 12

ESG Capital Partners, LP v. Stratos,
828 F.3d 1023, 1038-39 ........ 9

Fogelstrom v. Lamps Plus, Inc.,
195 Cal.App.4th 986, 992, 125 Cal.Rptr.3d 260 (2011) ........ 7

In re Accellion, Inc. Data Breach Litigation,
713 F.Supp.3d 623, 643 (N.D. Cal. 2024) ........ 12

In re Gilead Sciences. Secs. Litig.,
536 F.3d 1049, 1055 (9th Cir. 2008) ........ 3

In re Google, Inc. Privacy Policy Litig.,
2013 WL 6248499, at *5 (N.D. Cal. Dec. 3, 2013) ........ 15

In re iPhone Application Litigation,
2011 WL 4403963, at *4 (N.D. Cal. Sept. 20, 2011)........................................................ 15

In re iPhone Application Litigation,
844 F.Supp.2d 1040 (N.D. Cal. 2012) ................................................................................. 7, 10

Lectrodryer v. SeoulBank,
77 Cal.App.4th 723, 726, 91 CalRptr.2d 881 (2000)........................................................... 9

Low v. LinkedIn Corp.,
2011 WL 5509848, at *4-5 (N.D. Ca. Nov. 11, 2011)......................................................... 15

Low v. LinkedIn Corp.,
900 F.Supp.2d 1010, 1032 (N.D. Cal. 2012) ........................................................................ 6

Lujan v. Defenders of Wildlife,
504 U.S. 555, 560-561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).................................. 3

Manzarek v. St. Paul Fire & Marine Ins. Co.,
519 F.3d 1025, 1031 (9th Cir. 2008)..................................................................................... 3

Nally v. Grace Community Church,
477 Cal.3d 278, 292, 253 Cal.Rptr. 97, 763 P.2d 948 (1988).................................................. 4

Outdoor Media Group, Inc v. City of Beaumont, ..................................................................
506 F.3d 895, 900 (9th Cir. 2007)......................................................................................... 3

Popa v. Microsoft Corp.,
153 F.4th 784, 788 (9th Cir. 2025) ................................................................................. 3, 14

Reddy v. Litton Indus.,
912 F.2d 291, 296 (9th Cir. 1990)......................................................................................... 15

Saleh v. Nike, Inc.,
562 F. Supp. 3d 503, 519-20 (C.D. Cal. 2021) ..................................................................... 11

Schreiber Distrib. Co. v. Serv-Well Furniture Co.,
806 F.2d 1393, 1401 (9th Cir. 1986)..................................................................................... 15

SocialApps, LLC v. Zynga, Inc.,
2012 WL 381216 at *3 (Feb. 6, 2012).................................................................................... 8

Southern Cal. Gas Leak Cases,
7 Cal.5th 391, 397, 247 Cal.Rptr.3d 632, 637, 441 P.3d 881, 885 (2019) ................................ 4

Spokeo, Inc. v. Robins,
578 U.S. 330, 338, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) .................................................. 3

Sprewell v. Golden State Warriors,
266 F.3d 979, 988 (9th Cir. 2001)......................................................................................... 3

TransUnion LLC v. Ramirez,
594 U.S. at 426, 435-39 (2021)....................................................................................... 3, 15

United Energy Trading, LLC v. Pacific Gas & Electric Co.,
146 F.Supp.3d 1122, 1133 (N.D. Cal. 2015) ........ 3

United States v. Chooudhry,
262 F.Supp.3d 1299, 1308 (M.D. Fla. 2017) ........ 5

Warden v. Kahn,
99 Cal. App.3d 805, 811 (1979) ........ 11

**STATUTES**

18 U.S.C. § 2510(8) ........ 10

18 U.S.C. § 2511(1)(a) ........ 9

18 U.S.C. §2511(1)(c) ........ 9

18 U.S.C. §2511(2)(c) ........ 10

45 C.F.R. § 160.103 ........ 1, 7

Cal. Civ. Code § 56.05(j) ........ 1
2

Cal. Civ. Code § 56.05(p) ........ 1, 11

Cal. Civ. Code §§ 1798.81.5 ........ 13

Cal. Civ. Code §1798.82(a) ........ 13

Cal. Civ. Code §1798.82(b) ........ 13

Cal. Civ. Code §1798.82(h) ........ 13, 14

California Confidentiality of Medical Information Act ........ 1, 2, 4, 11

California Customer Records Act ........ 2, 13

California Health & Safey Code. See Cal. Civ. Code § 56.05(p) ........ 12

California Invasion of Privacy Act ........ 2, 10

California Penal Code § 631(a) ........ 10

Electronic Communications Privacy Act ........ 2, 9

HIPAA ........ 4, 5, 8

Wiretap Act, 18 U.S.C. §2511(1)(d) ........ 9

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ........ 15

Federal Rule of Civil Procedure 12(b)(6) ........ 2, 3, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Opencare seeks to dismiss the Complaint as it attempts to transform routine website analytics, used by virtually every commercial website, into Federal and California privacy violations as an end run-around the Health Insurance Portability and Accountability Act ("HIPAA") and the California Confidentiality of Medical Information Act ("CMIA"), which provide no private right of action in these circumstances. Specifically, the Complaint fails as a matter of law because it incorporates a mixture of generalized allegations from public websites and prior lawsuits that the plaintiffs' law firms have filed in other states without specifying the nature of the allegations against Opencare; fails to adequately interpret the relevant requirements under HIPAA and CMIA; includes allegations based on advisory opinions that are not actionable; and fails to satisfy Article III standing.

The entire Complaint is based on HIPAA and CMIA privacy protections which do not exist because the type of information allegedly shared does not constitute Protected Health Information ("PHI") or Individually Identifiable Health Information ("IIHI"). There are simply no facts to show that Opencare, as a dental appointment scheduler, is a healthcare provider. Both IIHI and PHI must be created or received by a healthcare provider, as those terms are specifically defined by HIPAA in 45 C.F.R. § 160.103, or by CMIA in Cal. Civ. Code § 56.05(p). As set forth in more detail below, connecting an IP address with an individual's visit to an unauthenticated webpage does not constitute IIHI or PHI. Since this misunderstanding about the type of information protected goes to the heart of Plaintiffs' Complaint, each claim stated fails as a matter of law.

As a separate and distinct basis for dismissal, Plaintiffs fail to meet the requisite Article III standing because their alleged harm is not concrete or impending. For all these reasons, the Complaint should be dismissed in its entirety without leave to amend, since there is no set of facts under which Opencare could be construed as a healthcare provider.

## II. STATEMENT OF FACTS

Plaintiffs filed the Complaint on June 13, 2025 against a single defendant Opencare, which purportedly provides dental care by connecting consumers with local dentists. (Dkt. No. 1, Compl.

at ¶33). The Complaint alleges that Plaintiffs Kady and Taylor represent themselves and others similarly situated in this class action lawsuit for unlawful disclosure of IIHI and PHI to unauthorized third parties such as Facebook and TikTok in violation of Federal and California confidentiality of medical information laws. (*Id.* ¶¶ 1, 28-29, 31-32). The purported means of unlawful transmission is the use of software tracking mechanisms to collect certain data from website users on Opencare's website and passing that data to TikTok and Facebook to use in targeted advertising. (Id. at ¶¶ 51, 66, 70, 74.) The allegations include several screenshots attempting to show the transmission of private data, such as Internet Protocol (IP) address, city location, and/or inputted reason, such as "broken tooth" which is purportedly contained in web addresses connected to the Plaintiffs through their Google accounts. (*Id.* at ¶¶ 29, 32.) The Complaint then includes screenshots of targeted advertisements that have purportedly been sent to Plaintiffs. (*Id.* at ¶¶ 86-87.) Plaintiffs seek damages for invasion of privacy, lost time and opportunity costs, loss of the benefit of the bargain, diminution of value of the disclosed private information, statutory damages, and continued and ongoing risk to their private information. (Dkt. No. 1, Compl. at ¶25).

Plaintiffs allege the following claims: Common Law Negligence (Count I); Invasion of Privacy (Count II); Breach of Confidence (Count III); Unjust Enrichment (Count IV); Electronic Communications Privacy Act (Count V); California Invasion of Privacy Act (Count VI); California Confidentiality of Medical Information Act (Count VII); and California Customer Records Act (Count VIII).

## III. <u>LEGAL STANDARD</u>

### A. Failure to State a Claim under Rule 12(b)(6)

A defendant may move to dismiss a claim on the basis that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*

, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 US at 555, 127 S.Ct. at 1964-1965).

A dismissal under Rule 12(b)(6) "may be based on either the 'lack of a cognizable legal theory' or on 'the absence of sufficient facts alleged under a cognizable legal theory'." *United Energy Trading, LLC v. Pacific Gas & Electric Co.*, 146 F.Supp.3d 1122, 1133 (N.D. Cal. 2015) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) where the allegations, accepted as true, fail to "'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-1965.

When reviewing the sufficiency of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citing *Outdoor Media Group, Inc v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007)). However, courts do not "'accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re Gilead Sciences. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**B. Lack of Article III Standing under Rule 12(b)(1)**

To establish standing, Plaintiffs must allege a concrete and particularized injury that is actual or imminent. *TransUnion, LLC v. Ramirez*, 594 U.S. 413, 423, 141 S.Ct. 2190, 2203, 210 L.Ed.2d 568 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); see also *Popa v. Microsoft Corp.*, 153 F.4th 784, 788 (9th Cir. 2025)). Speculative future harm and generalized privacy concerns are insufficient. *Clapper v. Amnesty Int'l*, 568 U.S. 398, 411-415, 133 S.Ct. 1138, 1148-1150, 185 L.Ed.2d 264 (2013); *Popa*, 153 F.3d at 788. Plaintiff bears the burden of establishing elements of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016).

## IV. LEGAL ANALYSIS

### A. Plaintiffs Fail to State a Claim Because Each Claim Is Premised Upon a Misunderstanding of the Type of Information Protected

The Complaint should be dismissed because Plaintiffs cannot state any valid claim for relief due to their consent to the use of their information, misplaced reliance on advisory opinions, and improper interpretations of HIPAA and CMIA privacy obligations.

#### 1. Failure to State a Claim for Negligence

Plaintiffs allege that Opencare breached a duty to exercise reasonable care to secure, safeguard, and protect Plaintiffs' private information by permitting unauthorized disclosure of their information and that this duty arose because of a special relationship between them (*Id.* at ¶¶180-181) and a duty under HIPAA (*Id.* at ¶184).

To state a claim for negligence under California common law, Plaintiffs must plead facts to establish (1) a legally recognized duty requiring defendant to safeguard their confidential information; (2) conduct falling below the standard of reasonable care in handling that information; (3) a causal connection between the alleged mishandling; and (4) actual, non-speculative damages. *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213, 483 P3d 159, 164, 276 Cal.Rptr.3d 434, 440 (2021) (citing *Nally v. Grace Community Church*, 477 Cal.3d 278, 292, 253 Cal.Rptr. 97, 763 P.2d 948 (1988)). Recovery under the negligence theory depends as a threshold matter on the existence of a legal duty of care. *Id.* (citing Southern Cal. Gas Leak Cases, 7 Cal.5th 391, 397, 247 Cal.Rptr.3d 632, 637, 441 P.3d 881, 885 (2019)). Allegations that defendant "failed to protect PHI/IIHI" without identifying a specific, enforceable duty, facts showing breach, or plausible, nonspeculative injury, are insufficient as a matter of law.

Plaintiffs' claims of negligence rely almost entirely on an alleged duty under HIPAA, including specifically that Opencare "owed, and continue [sic] to owe, a duty to Plaintiffs and the Class to exercise reasonable care to secure, safeguard and protect their highly sensitive Private Information." (Dkt. No. 1, at ¶180). The Complaint defines "Private Information" as Plaintiffs' and Class members' IIHI and PHI. (*Id.* at ¶ 1.) Plaintiffs also allege that Opencare owed a duty under HIPAA privacy laws. (*Id.* at ¶ 184.) Such claims fail as a matter of law because HIPAA creates no

private right of action and cannot be used to define a tort duty that is enforceable under the law. *Doe v. Meta Platforms, Inc*., 690 F.Supp.3d 1064, 1087 (N.D. Cal. 2023) (dismissing negligence per se claim based on a duty created by HIPAA); *Austin v. Atlina*, 2021 WL 6200679, at *3 (N.D. Cal. Dec. 22, 2021) (granting a 12(b)(6) motion on a negligence claim based on a alleged HIPAA violation).

Another problematic allegation is Plaintiffs' contention that Opencare's conduct was illegal under advisory opinions issued by the Office of Inspector General – Department of Health & Human Services ("HHS"). (*See* Dkt. No. 1, Compl. at ¶18). One cited HHS opinion is "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates" to support their claim that tracking technologies are not permitted to disclose PHI to tracking technology vendors under HIPAA. However, Plaintiffs fail to inform the Court that this advisory opinion was vacated on June 20, 2024 by *Am. Hosp. Ass'n v. Becerra*, 738 F.Supp.3d 780, 799-804 (N.D. Tex. June 20, 2024) (holding the bulletin overstepped HHS's authority by expanding the definition of IIHI to include an individual's IP address captured on a public webpage about health conditions or health care providers.) *Becerra* further explained that connecting an IP address with an individual's visit to a unauthentic webpage fails both prongs of HIPAA's IIHI definition. *Id.* at 801-04. The information does not satisfy the "relates to" prong because the "information cannot become IIHI based solely on the visitors' subjective motive for visiting the page." *Id.* at 801. The information does not satisfy the "identifies" prong because one cannot know whether the purpose of the visit is for the user or someone one else – "unknowable subjective intent." *Id.* at 802. Several other HHS guidance documents and FTC advisory opinions are cited at Complaint ¶¶ 14 n.2., 19 n.5, 70 n.22,103 n.26, 104 n.27, 124-126, and cannot be used to establish *per se* liability. *See United States v. Chooudhry*, 262 F.Supp.3d 1299, 1308 (M.D. Fla. 2017) (an OIG-HHS advisory opinion does not render a practice *per se* unlawful).

A further and final failure to properly allege negligence is the use of speculative future harm to justify the claim. Here, Plaintiffs allege damages as follows: "loss of the benefit of the bargain, increased infiltrations into their privacy through spam and targeted advertising they did not ask for, loss of privacy, loss of confidentiality, embarrassment, emotional distress, humiliation, and loss of

enjoyment of life." (Dkt. No. 1, Compl. at ¶ 186.)

This harm is speculative because the "benefit of the bargain" is form of economic contract damages, which is not available in a tort claim. The remaining harms such as loss of privacy, confidentiality, enjoyment of life, etc. and increased spam and targeted advertising are legally invalid due to the consents that Plaintiffs provided to the websites they were accessing, including Facebook, Tik Tok, and Opencare whose policies are all publicly available to anyone via Internet search. (*See* Dkt. No. 1, Compl. at ¶ 94 (acknowledging that Opencare's policy states third parties may "collect information about your activity on our Website" *but see* https://www.opencare.com/privacy/y (making the privacy policy accessible to anyone on its website and contradicting the allegations in Complaint ¶¶ 92-93).) Further, Plaintiffs could have opted out of targeted advertising from third parties as described in Opencare's Privacy Policy under Section 10 "Opt-Out Choices" and those entities specifically included Facebook, Google, and Microsoft). *See also* Meta Terms of Service Section 2 "[B]y using the Meta Products covered by these Terms, you agree that we can show you personalized ads and other commercial and sponsored content…We also use your personal data…to show you personalized ads and sponsored content…") available at https://www.facebook.com/terms/; *see* Tik Tok Term 's Terms of Service at Section 2 "By using the Services, you consent to the terms of the Privacy Policy." available at https://www.tiktok.com/legal/page/us/terms-of-service/en.

Although the court usually does not consider material beyond the pleadings for a Rule 12(b(6) motion to dismiss, exceptions include matters of public record (Opencare, Meta, and TikTok's privacy policies). *Mack v. South Bay Beer Distributors, Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986) (superseded on other grounds) (On a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.") (citations omitted).

Breach of a duty causing only speculative harm or the threat of future harm does not suffice. *Low v. LinkedIn Corp*., 900 F.Supp.2d 1010, 1032 (N.D. Cal. 2012) (holding that plaintiffs failed to allege an "appreciable, nonspeculative, present injury" where they did not allege how they were foreclosed from capitalizing on the value of personal data.)

Since Plaintiffs have not established an enforceable duty or non-speculative injury, Count I must be dismissed.

**2. Failure to State a Claim for Invasion of Privacy**

As a separate and independent claim, Plaintiffs allege that Opencare had a duty to keep Plaintiffs' IIHI and PHI confidential and its failure constitutes an invasion of privacy. (Dkt. No. 1, Compl. at ¶¶ 190-202). However, invasion of privacy is not a legally cognizable theory of liability and the Complaint provides no clarity. Therefore, the claim must be dismissed as filing to meet the standing of plausible pleading. *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974).

Moreover, the use of tracking pixels or analytics is not offensive as a matter of law. *In re iPhone Application Litigation*, 844 F.Supp.2d 1040 (N.D. Cal. 2012) involved similar complaints that the defendants collected and disclosed the plaintiffs' PII and geolocation data to third parties. *Id.* at 1063. The District Court concluded that, assuming these facts are true, they do not establish an egregious breach of societal norms under California's Constitution. *Id.* (claims of violations of California's constitutional right to privacy because plaintiffs' conduct did not amount to a serious invasion of a protected privacy interest). Likewise, in *Fogelstrom v. Lamps Plus, Inc.*, 195 Cal.App.4th 986, 992, 125 Cal.Rptr.3d 260 (2011), the court found that obtaining the plaintiff's address without knowledge or permission and using it to mail coupons and other advertisements was not a breach of social norms but rather normal, routine commercial behavior.

Nearly all of the alleged disclosures in this case involve allegations of regarding collection and disclosure of geolocation data or IP address to third parties. However, HIPAA only provides protection for an individual's street address, not city, state, zip, or the revealing of any of these locations through the IP address. (*See* Dkt. No. 1, Compl. at ¶ x *but see* 45 C.F.R. § 160.103). Plaintiff attempts to sidestep the type of information protected by citing to the HIPAA standard for complete de-identification of data, which is not the same as the standard requiring protection of PHI or IIHI. (*See, e.g.,* Dkt. No. 1, Compl. at ¶ 14 n. 2; ¶ 15 n. 3; ¶ 70, n. 22). Unlike the Complaint contends, healthcare providers are not required to de-identify data unless they want to use it for a specific purpose, such as medical research, comparative effectiveness studies, or policy assessment.

See HHS "*Guidance Regarding Methods for De-identification of Protected Health Information in Accordance with the HIPAA Privacy Rule*" at Section 1.3 "De-identification and its Rationale" at p. 5 (2012), accessible at https://www.hhs.gov/sites/default/files/ocr/privacy/hipaa/understanding/coveredentities/De-identification/hhs_deid_guidance.pdf). *See also Big 5 Sporting Goods Corp. v. Zurich Am. Ins. Co*., 635 Fed. App'x 351, 354 (9th Cir. 2015) ("California does not recognize any common law or constitutional privacy right causes of action for requesting, sending, transmitting, communicating, distributing, or commercially using ZIP Codes.").

Because Plaintiffs have not provided any particularized pleading in support of Count II, it must be dismissed.

**3. Failure to State a Claim for Breach of Confidence**

As a slight variation on the above, Plaintiffs allege that Opencare had a duty to keep medical information confidential and that Opencare disclosed and transmitted medical information to third parties without Plaintiffs' knowledge, consent, or authorization in violation of their HIPAA obligations. (Dkt. No. 1, Compl. at ¶¶ 96-118, 203-212). Again, Plaintiffs critically rely upon their own false interpretation of the type of information required to be protected.

Opencare need not dispense with the elements of this claim because California does not recognize a standalone tort for breach of confidence outside of a traditional, confidential professional relationship such as a physician-patient relationship. *SocialApps, LLC v. Zynga, Inc*., 2012 WL 381216 at *3 (Feb. 6, 2012). Plaintiffs do not allege that such a special relationship existed with Opencare, only that it had a duty to keep "medical information" confidential. (Dkt. No. 1, Compl. at ¶ 204.) Moreover, Plaintiffs consented to Opencare's privacy policy which specifically states what information it collects, uses, and discloses, including giving Plaintiffs an opportunity to opt-out.

Court III fails to establish an essential element of a confidential relationship, therefore, dismissal is warranted.

**4. Failure to State a Claim for Unjust Enrichment**

As its fourth count, Plaintiffs allege an equitable claim that Opencare was unjustly enriched by the purported collection and use of Plaintiffs' IIHI and PHI. (Dkt. No. 1, at Compl. ¶¶ 210-216.)

To establish this claim, Plaintiffs must plead facts showing: (i) a benefit was actually conferred on defendant by plaintiffs; (ii) that defendant retained that benefit; and (iii) that retention would be unjust. *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038-39 (citing *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726, 91 CalRptr.2d 881 (2000). In theory, provision of information with both a monetary value and expectation of payment to Plaintiffs could give rise to a claim for unjust enrichment, but the Plaintiffs plead no facts to support the monetary value of the purported information provided nor do Plaintiffs explain how Opencare has been able to monetize said information. There are no facts pleading that Opencare retained the benefit or that retention of the benefit is unjust. In sum, the claim fails to meet the particularized pleading standards of *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974).

Accordingly, Count IV must be dismissed.

**5. Failure to State a Claim for Violation of Electronic Communications Privacy Act**

In what is now very apparently a 'kitchen-sink' complaint, Plaintiffs next allege that the Opencare website intentionally intercepted Plaintiffs' electronic communications which Opencare then tracked, stored, and disclosed to unauthorized third parties in violation of the Electronic Communications Privacy Act ("ECPA"). (Dkt. No. 1, Compl. at ¶ 231.)

The Complaint does little more than cite the statutory language of ECPA, 18 U.S.C. § 2511(1), which provides a private right of action against any person who:

> (i) "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication," 18 U.S.C. § 2511(1)(a), or
> (ii) "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of" the Wiretap Act, 18 U.S.C. §2511(1)(c), or
> (iii) "intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of" the Wiretap Act, 18 U.S.C. §2511(1)(d).

Here, Plaintiffs' claim fails because (1) the content at issue is not covered by the narrow statutory definition as explained below; (2) Opencare was a party to the communication and a party

to the communication cannot intentionally intercept its own communication (18 U.S.C. §2511(2)(c)); and (3) Plaintiffs consented to the communication (as noted above in Section IV(A)(1)). Each of these items is standing alone is a fatal defect warranting dismissal of Count V.

Notably, the Complaint alleges that geolocation data or IP address were determined by Opencare and shared with others. (Dkt. No. 1, Compl. at ¶¶ 133-141.) However, the location or IP address is not content based. As alleged elsewhere in the Complaint several times over, it is a pixel that tracks, not a spoken word. (*See, e.g*, Dkt. No. 1, Compl. at ¶¶ 3, 63.) Where, as here, the statute defines "content" narrowly as "any information concerning the substance, purport, or meaning of a communication" (18 U.S.C. § 2510(8)), Plaintiffs have failed to allege any actionable facts supporting intentional interception in violation of the ECPA. *See also In re iPhone Application Litigation*, 844 F.Supp.2d 1040, 1061 (N.D. Cal. 2012) (holding that plaintiff did not state a claim for relief under the federal Wiretap Act as a user's geolocation data is not "content" under the Act because it is automatically generated and not transmitted by any intent of the user).

**6. Failure to State a Claim for Violation of California Invasion of Privacy Act**

Plaintiffs succeeding claim for violations of the California Invasion of Privacy Act ("CIPA") also falls by the wayside due to the Plaintiffs' consent and the fact that a party cannot wiretap its own communications.

California Penal Code § 631(a) establishes criminal penalties for anyone who "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument. . . who willfully and without the consent of all parties. . . attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit. . . who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do. . . any of the acts or things mentioned above. . . ."

Of the four clauses to the statute, Plaintiffs' allegations charge Opencare with violations of the first and fourth clauses, including (a) that it intentionally wiretapped its own communications

and (b) that it aided and abetted a third-party in doing so. (Dkt. No. 1, Compl. at ¶¶ 244-245.) Although Plaintiffs immediately thereafter allege that there was no consent to the wiretap, the Complaint's allegations may be undermined by more specific facts alleged elsewhere in the Complaint. (*See id.* ¶ 246 *but see* ¶ 94 (acknowledging that Opencare's policy states third parties may "collect information about your activity on our Website"). *See* https://www.opencare.com/privacy/y (advising that "If you do not agree with our policies and practices, you should not use the Website or the Services.").)

Federal and California courts have held several times over that a party cannot tap its own communications in violation of Section 631. *See, e.g*, *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 519-20 (C.D. Cal. 2021) (collecting cases); *Warden v. Kahn*, 99 Cal. App.3d 805, 811 (1979) ("Insofar as section 63 is concerned, appellant's claim is without merit. That section, which is quite ambiguous, has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation.") (citations omitted).

For the foregoing reasons, the Complaint fails to state a claim in Count VI.

**7. Failure to State a Claim for Violation of California Confidentiality of Medical Information Act**

The issue of consent arises for a fourth time in the purported disclosure of medical information "to unauthorized persons without first obtaining consent. . . ." (Dkt. No. 1, Compl. at ¶ 252). Consent in the California Confidentiality of Medical Information Act ("CMIA") context has a statutory definition which requires a written authorization in at least 14-point that specifies the uses and limitations of the types medical information to be disclosed, who may disclose it, who may receive it, and the expiration date. Cal. Civ. Code § 56.11. Here, it is unclear whether the Plaintiffs have provided the proper authorization, as the Complaint lacks particularized pleading regarding these details.

Nevertheless, Plaintiffs are otherwise barred from pursuing this claim because Opencare is not a "provider of health care" under CMIA and Plaintiffs are not "patients", despite the Complaint's conclusory allegations otherwise. (*See* Dkt. No. 1, Compl. at ¶¶ 250-251 *but see* Cal. Civ. Code § 56.05(p), which states:

> "Provider of health care" means a person licensed or certified pursuant to Division 2 (commencing with Section 500) of the Business and Professions Code; a person licensed pursuant to the Osteopathic Initiative Act or the Chiropractic Initiative Act; a person certified pursuant to Division 2.5 (commencing with Section 1797) of the Health and Safety Code; or a clinic, health dispensary, or health facility licensed pursuant to Division 2 (commencing with Section 1200) of the Health and Safety Code.

Here, Plaintiffs do not allege, nor can they allege, that Opencare holds any healthcare license. It therefore cannot qualify as a provider of healthcare under the California Business & Profession Code, the Osteopathic Initiative Act or the Chiropractic Initiative Act, or as a licensed clinic, health dispensary, or health facility under California Health & Safey Code. *See* Cal. Civ. Code § 56.05(p). Since Opencare is not a provider of healthcare, it is also not required to safeguard electronic information pertaining to the Plaintiffs. (*See* Dkt. No. 1, Compl. at ¶ 254 *but see* Cal. Civ. Code § 56.101(a).)

Furthermore, Section 56.05(m) defines a "patient" as "a natural person, whether or not still living, who received health care services from a ***provider of health care*** and to whom medical information pertains." (emphasis added). Whether Plaintiffs qualify as patients is dependent upon whether Opencare is a provider of healthcare.

The definition of "medical information" is likewise dependent on whether the information came from a provider of healthcare. *See* Cal. Civ. Code § 56.05(j). Plaintiffs' IP address, city, state, zip code, the presence of insurance, etc. do not arise from a provider of healthcare and therefore do not constitute medical information. *Eisenhower Med. Ctr. v. Super. Ct.*, 226 Cal. App. 4th 430, 437; 172 Cal. Rptr. 3d 165, 170 (2014) (holding that "under the CMIA a prohibited release by a healthcare provider must include more than individually identifiable information but must also include information relating to medical history, mental or physical condition, or treatment of the individual.")

In sum, Court VII alleges only conclusory allegations which utterly fail to meet particularized pleading requirements. *In re Accellion, Inc. Data Breach Litigation*, 713 F.Supp.3d 623, 643 (N.D. Cal. 2024) ("conclusory recitations of the requisite statutory showing are not enough

to state a claim" under CMIA) (citing *Iqbal*, 556 U.S. at 678).

**8. Failure to State a Claim for Violation of the California Customer Records Act**

The California Customer Records Act ("CCRA") is – at its heart – a breach notification law intended to protect consumers by alerting them to security incidents in which their private information is compromised. In this eighth and final claim, Plaintiff does its best to assert both a "breach of the security system" and an "unauthorized acquisition of computerized data that compromised the security, confidentiality or integrity of [Plaintiffs'] personal information." (Dkt. No. 1, Compl. at ¶ 260).

To state a claim for violation of the CCRA, Plaintiffs must plead facts sufficient to prove that Opencare: (i) maintained "personal information" as defined by statute; (ii) suffered a "breach of the security of the system" involving the unauthorized acquisition of that information; (iii) failed to implement "reasonable security procedures and practices" as required by Civil Code §1798.81.5; (iv) failed to provide timely and adequate breach notification under §1798.82; and (v) caused actual, non-speculative harm. Cal. Civ. Code §§ 1798.81.5, 1798.82.

The CCRA requires disclosure only when (a) a business maintains or owns personal information; (b) there is an unauthorized acquisition of that information; (c) that is caused by a breach of the security of the system; and (d) which affects a California resident. Cal. Civ. Code §1798.82(a), (b), (h). At the outset, the CCRA claim requires a dismissal of this claim as to Plaintiff Taylor who is an alleged resident of the State of Michigan. (Dkt. No. 1, Compl. at ¶ 30).

Dismissal is warranted as to both Plaintiffs because: (1) they authorized the use of tracking technologies (*Id.* ¶ 94); (2) the information does not meet the statutory definition of "personal information"; and (3) there has been no breach of the duty to safeguard that information. *See* Cal. Civ. Code § 1798.82(h) (CCRA defines "personal information" as an individual's first name or first initial and last name in combination with one of the following unencrypted elements: social security number, driver's license number, account number or credit or debit card number, medical information, health information, biometric data, information collected from use of automated license plate recognition, or genetic data.) Here, Plaintiffs allegations presently fail to identify any

unencrypted elements which were combined with either Plaintiff's individual's first name or first initial and last name. *See id.* at § 1798.82(h) (CCRA defines a "breach of the security system" as "unauthorized acquisition of computerized data that compromises the security, confidentiality, or integrity of personal information maintained by the individual or business."). Here, there is no unintentional or reckless loss of a consumers private information; in fact, there has been no collection, use, or disclosure of private information at all.

Each of these failures are fatal to Claim VIII, which must be dismissed.

**B. Plaintiffs Lack Article III Standing to Bring the Claims**

Plaintiffs Kady and Taylor lack Article III standing because (1) they fail to allege a concrete injury; (2) their allegations of future harm are speculative and not imminent; and (3) they lack standing for injunctive relief.

The use of tracking technologies on a website does not, by itself, establish the "concrete harm" needed for Article III standing. *See Popa v. Microsoft Corp*., 153 F.4th 784, 790-91 (9th Cir. 2025) (noting the Circuit split and finding that *TransUnion* requires a court to assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system.) In *Popa*, the plaintiff did not explain how the tracking of her interactions on the PSP website caused her to experience any kind of harm that is a "highly offensive" interference or disclosure actionable at common law. *Id*. at 791. The Ninth Circuit cites *Baysal v. Midvale Indem. Co*., 78 F.4th 976, 979 (7th Cir. 2023) for the premise that disclosure of a driver's license number, for example, would not constitute the sort of embarrassing or intimate details that make invasions of privacy actionable under common law. *Id*. at 790. The Court also recognizes that the hypotheticals set forth in the Restatement (Second) of Torts are far more egregious, for example, peering into another's apartment using a telescope lens to take intimate pictures and publishing, without consent, a picture of a mother nursing her child. *Id*. In comparison, allegedly collecting Plaintiffs' city, state, zip, insurance status, and need for a dental appointment do not give rise to the kind of embarrassing and highly offensive data need to establish standing.

Moreover, Plaintiffs assert non-concrete injuries such as "diminution of value" of their disclosed information, "loss of the benefit of the bargain", and "targeted advertising". (Dkt. No. 1,

Compl. at ¶¶ 25-26, 86, 162). Unauthorized collection of personal information does not create an economic loss; Plaintiffs must allege how the use of the information deprived Plaintiffs of the information's economic value. *In re iPhone Application Litigation*, 2011 WL 4403963, at *4 (N.D. Cal. Sept. 20, 2011); *Low v. LinkedIn Corp*., 2011 WL 5509848, at *4-5 (N.D. Ca. Nov. 11, 2011). Allegations of profit by a third party are not enough. *In re Google, Inc. Privacy Policy Litig.*, 2013 WL 6248499, at *5 (N.D. Cal. Dec. 3, 2013).

Plaintiffs also lack standing under Article III based on the alleged risk of future harm to their information. (See Dkt. No. 1, Compl. at ¶ 25 *but see TransUnion LLC v. Ramirez*, 594 U.S. at 426, 435-39 (2021) (holding that future risk is not concrete harm unless the future harm would also materialize into a concrete harm). Impending harm is also required to support injunctive relief. *Clapper v. Amesty Int'l*, 568 U.S. 398, 411 (2013) (holding that plaintiffs failed to demonstrate that the feared future injury was impending). Because Plaintiffs do not plausibly allege any claims of concrete or imminent harm which would meet the standing for "highly offensive" sharing of Plaintiffs private information, Plaintiffs lack standing. Since standing is a jurisdictional prerequisite, the Complaint must be dismissed under Rule 12(b)(1).

**C. Leave to Amend Should be Denied as Futile**

A district court should generally allow leave to amend, but not when "'the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986)). Courts do not need to grant leave to amend if an amendment would be futile. See id. (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, amendment is futile because there are no set of facts which would render the claims in the Complaint actionable against Opencare. Not only is it not a healthcare provider, but Plaintiffs were not patients, and the information was not medical. Even under a garden-variety breach of common law privacy, the Complaint fails because the circumstances of disclosure are not highly offensive or based in a common law private right.

///

///

Plaintiffs' lack of standing is independently fatal to the Complaint, as the Plaintiffs' harm was avoidable and abstract.

## V. <u>CONCLUSION</u>

Therefore, Opencare respectfully requests that the Court dismiss the Complaint and each claim alleged, and deny leave to amend as lacking a good faith ability to amend.

**FENNEMORE LLP**

Dated: December 12, 2025

*/s/ Maggie DiCostanzo*
Maggie DiCostanzo
Katherine A. Bowles
Attorneys for Defendant OPENCARE, INC.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18881 Von Karman Ave., Suite 1260, Irvine, CA 92612.

On December 12, 2025 , I served true copies of the following document(s) described as:

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

on the interested parties in this action as follows:

**[X] By CM/ECF**: I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to each CM/ECF registrant's electronic address, as disclosed with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 12, 2025, at Irvine, California.

/s/ Tim Dorsey
Tim Dorsey