Katherine A. Bowles, State Bar No. 287426
kbowles@fennemorelaw.com
Maggie DiCostanzo, Pa. Atty ID No. 86305
(Admitted Pro Hac Vice)
mdicostanzo@fennemorelaw.com
**FENNEMORE LLP**
18881 Von Karman Ave., Suite 1260
Irvine, CA 92612
Tel: (949) 430-3437
Fax: (949) 752-0953
Attorneys for Defendant Opencare, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNABEL KADY, et al.,<br><br>Plaintiff,<br><br>v.<br><br>OPENCARE, INC.,<br><br>Defendant. | Case No. 4:25-cv-05037-KAW<br><br>**DEFENDANT OPENCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date: February 5, 2026<br>Time: 1:30 p.m. PST<br>Courtroom: Oakland Courthouse<br>1301 Clay Street,<br>Oakland, California 94612 |

**<u>REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

Defendant Opencare, Inc. ("Opencare") submits this Reply in Support of Motion to Dismiss Plaintiffs' Complaint in an abundance of caution, as Plaintiffs have yet to file their First Amended Complaint. Since the Opposition concedes that the allegations are insufficient as stated, the Motion to Dismiss should be granted. To the extent that Plaintiffs fail to address both the lack of standing under Federal Rule of Civil Procedure 12(b)(1) and the lack of facts supporting that Opencare fits within the Federal and California definitions of a medical provider under Rule 12(b)(6), the Motion is not moot.

## I. PROCEDURAL BACKGROUND

On December 12, 2025, Opencare filed a Motion to Dismiss based on Plaintiffs' lack of standing and failure to state a claim upon which relief may be granted as well as the futility of amendment. (Dkt. 28.) On December 24, 2025, Plaintiffs filed an Opposition indicating that they will file an amended complaint by January 2, 2026. (Dkt. 29.) Plaintiffs claim that due to their planned amendment, Opencare's Motion to Dismiss is moot. (*Id.*) Opencare's reply to Plaintiffs' Opposition is also due on January 2.

## II. ARGUMENT

The Motion to Dismiss is not moot because: (a) Plaintiffs have yet to file an amended complaint; (b) the amended complaint may not address either standing and/or the legal defects in the Complaint; and (c) the Opposition did not substantively address Opencare's legal Rule 12(b)(1) or Rule 12(b)(6) arguments. Instead, the Opposition generally states that "Plaintiffs strongly oppose the arguments raised in the Motion." (Dkt. 29, at p. 1, line 28.) That is it.

Local Rule 7-3(a) requires that Plaintiffs' evidentiary and procedural objections to the Motion to Dismiss be contained within the Opposition. (L.R. 7-3(a)). Since Plaintiffs have not included any evidentiary or procedural objections, this Court should consider the Motion to Dismiss as unopposed and should grant the Motion. *See Qureshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *6 n.2 (N.D.Cal. Mar. 10, 2010) (deeming a plaintiff's failure to address claims subject to a motion to dismiss, in an opposition brief, as an abandonment of those

claims); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (concluding that Jenkins abandoned claims by not raising them in opposition to a motion for summary judgment).

As a separate and independent basis for dismissal, Plaintiffs have failed to indicate how any amendment to the Complaint would address Opencare's claims of futility. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)). Where, as here, there are no facts which would transform Opencare into a medical provider as statutorily defined in Federal or California law, there is no basis for amendment. There is also no indication of how Plaintiff intend to address the lack of standing due to the lack of any redressable harm. Moreover, the amended complaint is untimely, as it was due on December 24, 2025, the date of the Opposition deadline, not on January 2, 2026, the deadline for the reply brief.

## III. CONCLUSION

For the reasons set forth above and in the Motion to Dismiss, the Court should grant Opencare's Motion and dismiss the Complaint without leave to amend.

**FENNEMORE LLP**

Dated: January 2, 2026

*/s/ Maggie DiCostanzo*
Maggie DiCostanzo
Katherine A. Bowles
Attorneys for Defendant OPENCARE, INC.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18881 Von Karman Ave., Suite 1260, Irvine, CA 92612.

On January 2, 2026 , I served true copies of the following document(s) described as:

**DEFENDANT OPENCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

on the interested parties in this action as follows:

**[X] By CM/ECF**: I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to each CM/ECF registrant's electronic address, as disclosed with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 2, 2026, at Irvine, California.

/s/ Tim Dorsey
Tim Dorsey