Katherine A. Bowles, State Bar No. 287426
kbowles@fennemorelaw.com
Maggie DiCostanzo, Pa. Atty ID No. 86305
(Admitted Pro Hac Vice)
mdicostanzo@fennemorelaw.com
**FENNEMORE LLP**
18881 Von Karman Ave., Suite 1260
Irvine, CA 92612
Tel: (949) 430-3437
Fax: (949) 752-0953
Attorneys for Defendant Opencare, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNABEL KADY, et al.,<br><br>Plaintiff,<br><br>v.<br><br>OPENCARE, INC.,<br><br>DEFENDANT. | Case No. 4:25-cv-05037-KAW<br><br>**DEFENDANT OPENCARE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 12(b)(1),(6); ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: February 19, 2026<br>Time: 1:30 p.m. PST<br>Courtroom: Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612<br><br>**[PROPOSED] ORDER LODGED CONCURRENTLY** |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1),(6), on February 19, 2026 at 1:30 p.m. PST, or as soon as may be heard in the Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612, Defendant OPENCARE, INC. ("Opencare") moves to dismiss the Amended Complaint brought by Plaintiffs ANABEL KADY ("Plaintiff Kady") and ALEXYS TAYLOR ("Plaintiff Taylor") on the basis that the Amended Complaint fails to state a claim upon which relief may be granted and fails to establish Article III standing (the "Motion"). Specifically, the Motion is brought on the basis that there are insufficient facts to establish that the information shared was protected, there is insufficient injury to allege Article III standing, and Plaintiff Kady is time-barred from pursuing the new claim for Unlawful Use of a Pen Register or Trap and Trace Device.

Prior to filing the Motion, the parties engaged in a further meet and confer phone call to address the sufficiency of the pleadings, and previously engaged in several meet and confer calls, but the calls were not able to obviate the need for this Motion. The Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and files on record with the Court, and the judicially noticeable matters presented at or before the hearing.

Respectfully submitted,

**FENNEMORE LLP**

Dated: January 14, 2026

*/s/ Maggie DiCostanzo*
Maggie DiCostanzo
ATTORNEYS FOR DEFENDANT OPENCARE, INC

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 2

A. Procedural Background ........ 2

B. Factual Background ........ 2

III. LEGAL STANDARD ........ 3

A. Failure to State a Claim under Rule 12(b)(6) ........ 3

B. Lack of Article III Standing under Rule 12(b)(1) ........ 4

IV. LEGAL ANALYSIS ........ 5

A. Plaintiffs Fail to State a Claim Because Each Claim Is Premised Upon a Misunderstanding of the Type of Information Protected ........ 5

1. Failure to State a Claim for Negligence ........ 5

2. Failure to State a Claim for Invasion of Privacy ........ 8

3. Failure to State a Claim for Breach of Confidence ........ 10

4. Failure to State a Claim for Unjust Enrichment ........ 10

5. Failure to State a Claim for Violation of Electronic Communications Privacy Act ........ 11

6. Failure to State a Claim for Violation of California Invasion of Privacy Act ........ 12

7. Failure to State a Claim for Unlawful Use of a Pen Register or Trap and Trace Device ........ 13

8. Failure to State a Claim for Violation of California Confidentiality of Medical Information Act (CMIA) ........ 14

9. Failure to State a Claim for Violation of the California Customer Records Act (CCRA) ........ 16

B. Plaintiffs Lack Article III Standing to Bring the Claims ........ 17

C. Leave to Amend Should be Denied as Futile ........ 20

V. CONCLUSION ........ 20

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Am. Hosp. Ass'n v. Becerra*,
738 F.Supp.3d 780, 799-804 (N.D. Tex. June 20, 2024) ........ 6, 7

*Ashcroft v. Iqbal*,
556 U.S. at 678, 129 S.Ct. at 1949 ........ 4, 9, 11

*Austin v. Atlina*,
2021 WL 6200679, at *3 (N.D. Cal. Dec. 22, 2021) ........ 6

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696, 699 (9th Cir. 1988) ........ 4

*Baysal v. Midvale Indem. Co.*,
78 F.4th 976, 979 (7th Cir. 2023) ........ 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) ........ 4, 9, 11

*Big 5 Sporting Goods Corp. v. Zurich Am. Ins. Co.*,
635 Fed. App'x 351, 354 (9th Cir. 2015) ........ 9

*Brodsky v. Apple Inc.*
445 F. Supp. 3d 110, 134 (N.D. Cal. 2020) ........ 14

*Brown v. USA Taekwondo*,
11 Cal. 5th 204, 213, 483 P3d 159, 164, 276 Cal.Rptr.3d 434, 440 (2021) ........ 6

*Carpenter v. United States*
585 U.S. 296, 307, 138 S.Ct. 2206, 201 L.Ed.2d 507 (2018) ........ 20

*Clapper v. Amnesty Int'l*,
568 U.S. 398, 411-415, 133 S.Ct. 1138, 1148-1150, 185 L.Ed.2d 264 (2013) ........ 5, 19

*DeSoto v. Yellow Freight Sys., Inc.*,
957 F.2d 655, 658 (9th Cir. 1992) ........ 20

*Doe v. Meta Platforms, Inc.*,
690 F.Supp.3d 1064, 1087 (N.D. Cal. 2023) ........ 6

*Eisenhower Med. Ctr. v. Super. Ct.*,
226 Cal. App. 4th 430, 437; 172 Cal. Rptr. 3d 165, 170 (2014) ........ 15

*ESG Capital Partners, LP v. Stratos*,
828 F.3d 1023, 1038-39 ........ 10

*Fogelstrom v. Lamps Plus, Inc.*,
195 Cal.App.4th 986, 992, 125 Cal.Rptr.3d 260 (2011) ........ 9

*In re Accellion, Inc. Data Breach Litigation*,
713 F.Supp.3d 623, 643 (N.D. Cal. 2024) ........ 15

*In re Facebook Internet Tracking*
956 F.3d 15 598-99) ........ 18

*In re Gilead Sciences. Secs. Litig.*,
536 F.3d 1049, 1055 (9th Cir. 2008) ........ 4

*In re Google, Inc. Privacy Policy Litig.*,
2013 WL 6248499, at *5 (N.D. Cal. Dec. 3, 2013) ........ 18

*In re iPhone Application Litigation*,
2011 WL 4403963, at *4 (N.D. Cal. Sept. 20, 2011) ........ 18

*In re iPhone Application Litigation*,
844 F.Supp.2d 1040 (N.D. Cal. 2012) ........ 8, 12

*Johnson v. Honeywell Internat. Inc.*,
179 Cal. App. 4th 549, 558; 101 Cal. Rptr. 3d 726, 732 (2009) ........ 19

*Khamooshi v. Politico LLC*,
786 F.Supp.3d 1174, 1174, 1183 (N.D.Cal. 2025) ........ 18, 19, 20

*Lagrisola v. N. Amer. Fin. Corp.*,
96 Cal. App. 5th 1178, 1196; 314 Cal. Rptr. 3d 941, 954 ........ 19

*Lectrodryer v. SeoulBank*,
77 Cal.App.4th 723, 726, 91 CalRptr.2d 881 (2000) ........ 10

*Low v. LinkedIn Corp.*,
2011 WL 5509848, at *4-5 (N.D. Ca. Nov. 11, 2011) ........ 18

*Low v. LinkedIn Corp.*,
900 F.Supp.2d 1010, 1032 (N.D. Cal. 2012) ........ 7

*Lujan v. Defenders of Wildlife*,
504 U.S. 555, 560-561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) ........ 4

*Mack v. South Bay Beer Distributors, Inc.*,
798 F.2d 1279, 1282 (9th Cir. 1986) ........ 8

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025, 1031 (9th Cir. 2008) ........ 4

*Nally v. Grace Community Church*,
477 Cal.3d 278, 292, 253 Cal.Rptr. 97, 763 P.2d 948 (1988) ........ 6

*Outdoor Media Group, Inc v. City of Beaumont*,
506 F.3d 895, 900 (9th Cir. 2007) ........ 4

*Popa v. Microsoft Corp.*,
153 F.4th 784, 788 (9th Cir. 2025) ........ 4, 5, 17

*Reddy v. Litton Indus.*,
912 F.2d 291, 296 (9th Cir. 1990) ........ 20

*Saleh v. Nike, Inc.*,
562 F. Supp. 3d 503, 519-20 (C.D. Cal. 2021) ........ 13

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
806 F.2d 1393, 1401 (9th Cir. 1986) ........ 20

*SocialApps, LLC v. Zynga, Inc.*,
2012 WL 381216 at *3 (Feb. 6, 2012) ........ 10

*Southern Cal. Gas Leak Cases*,
7 Cal.5th 391, 397, 247 Cal.Rptr.3d 632, 637, 441 P.3d 881, 885 (2019) ........ 6

*Spokeo, Inc. v. Robins*,
578 U.S. 330, 338, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) ........ 5

*Sprewell v. Golden State Warriors*,
266 F.3d 979, 988 (9th Cir. 2001) ........ 4

*TransUnion LLC v. Ramirez*,
594 U.S. at 426, 435-39 (2021) ........ 4, 18, 19

*United Energy Trading, LLC v. Pacific Gas & Electric Co.*,
146 F.Supp.3d 1122, 1133 (N.D. Cal. 2015) ........ 4

*United States v. Chooudhry*,
262 F.Supp.3d 1299, 1308 (M.D. Fla. 2017) ........ 7

*United States v. Forrester*,
512 F.3d 500, 510 (9th Cir. 2008) ........ 20

*Warden v. Kahn*,
99 Cal. App.3d 805, 811 (1979) ........ 13

**Statutes**

18 U.S.C. § 2510(8) ........ 12

18 U.S.C. § 2511(1) ........ 11

18 U.S.C. § 2511(1)(a) ........ 11

18 U.S.C. §2511(1)(c) ........ 11

18 U.S.C. §2511(1)(d) ........ 11

18 U.S.C. §2511(2)(c) ........ 11

45 C.F.R. § 160.103 ........ 1, 9

Cal. Civ. Code § 56.05(j) ........ 15

Cal. Civ. Code § 56.05(m) ........ 15

Cal. Civ. Code § 56.05(p) ........ 1, 14, 15

Cal. Civ. Code § 56.11 .......... 14
Cal. Civ. Code § 340(a) .......... 13
Cal. Civ. Code §§ 1798.81.5 .......... 16
Cal. Civ. Code §1798.82(a) .......... 16
Cal. Civ. Code §1798.82(b) .......... 16
Cal. Civ. Code §1798.82(h) .......... 16, 17
California Confidentiality of Medical Information Act ("CMIA") .......... 13, 14, 16
California Customer Records Act ("CCRA") .......... 3, 16
California Health & Safey Code. See Cal. Civ. Code § 56.05(p) .......... 15
California Invasion of Privacy Act ("CIPA") .......... 3, 12, 13
California Penal Code § 631(a) .......... 12, 13
California Penal Code § 638.51 .......... 2, 18
California Penal Code § 638.51(b)(5) .......... 13
Electronic Communications Privacy Act ("ECPA") .......... 3, 11, 12
HIPAA .......... 1, 5, 6, 7, 9, 10
Wiretap Act, 18 U.S.C. §2511(1)(d) .......... 11

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .......... 19
Federal Rule of Civil Procedure 12(b)(6) .......... 3, 4, 8

**Other Authorities**

Department of Health & Human Services “*Guidance Regarding Methods for De-identification of Protected Health Information in Accordance with the HIPAA Privacy Rule*” at Section 1.3 “De-identification and its Rationale” at p. 5 (2012) Available at https://www.hhs.gov/sites/default/files/ocr/privacy/hipaa/understanding /coveredentities/De-identification/hhs_deid_guidance.pdf .......... 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Opencare seeks to dismiss the Amended Complaint as it attempts to transform routine website analytics, used by virtually every commercial website, into Federal and California privacy violations as an end run-around the Health Insurance Portability and Accountability Act ("HIPAA") and the California Confidentiality of Medical Information Act ("CMIA"), which provide no private right of action in these circumstances. Specifically, the Amended Complaint fails as a matter of law because it incorporates a mixture of generalized allegations from public websites and prior lawsuits that the plaintiffs' law firms have filed in other states without specifying the nature of the allegations against Opencare; fails to adequately interpret the relevant requirements under HIPAA and CMIA; includes allegations based on advisory opinions that are not actionable; and fails to satisfy Article III standing.

The entire Amended Complaint is based on HIPAA and CMIA privacy protections which do not exist because the type of information allegedly shared does not constitute Protected Health Information ("PHI") or Individually Identifiable Health Information ("IIHI"). There are simply no facts to show that Opencare, as a dental appointment scheduler, is a healthcare provider. Both IIHI and PHI must be created or received by a healthcare provider, as those terms are specifically defined by HIPAA in 45 C.F.R. §160.103, or by CMIA in Cal. Civ. Code §56.05(p). As set forth in more detail below, allegedly connecting "dental conditions, booking information, and insurance information," with an individual's visit to an unauthenticated webpage, does not constitute IIHI or PHI. Since this misunderstanding about the type of information protected goes to the heart of the Amended Complaint, each claim stated fails as a matter of law.

As a separate and distinct basis for dismissal, Plaintiffs fail to meet the requisite Article III standing because their alleged harm is not concrete or impending and they have not alleged any civil standing to pursue criminal statutes. Counts VI and VII are also barred by the one-year statute of limitations for Plaintiff Kady who purportedly accessed Opencare

in July 2023, nearly two years before filing the Complaint in June 2025. Plaintiff Taylor must be dismissed from Count VIII because she is not a California resident. Finally, the Plaintiffs have already had an opportunity to amend in response to these same points raised in the initial Motion to Dismiss and have failed to address these fatal defects.

For the reasons set forth below, the Amended Complaint should be dismissed in its entirety without leave to amend.

## II. STATEMENT OF FACTS

### A. Procedural Background

Plaintiffs filed a Complaint on June 13, 2025. (Dkt. 1). Opencare filed a Motion to Dismiss on December 12, 2025. (Dkt. 28). Plaintiffs filed a response on December 24, 2025, generally opposing the Motion to Dismiss but also asserting it would be filing an amended complaint. (Dkt. 29). Opencare filed a Reply on January 2, 2026. (Dkt. 30). Plaintiffs filed an Amended Complaint later that same day. (Dkt. 31). The Amended Complaint made various factual additions and deletions and added a claim for Unlawful Use of a Pen Register or Trap and Trace Device under California Penal Code § 638.51. (Dkt. 30, at ¶¶ 271-276). On January 5, 2026, this Court issued an Order dismissing the Motion to Dismiss as moot due to the filing of the Amended Complaint, which replaced the Complaint as the operative pleading. (Dkt. 32). Opencare's deadline to respond to the Amended Complaint is January 16, 2026.

The Amended Complaint did not cure any of the fatal defects identified in Opencare's original motion to dismiss, and accordingly, Opencare is reasserting the same arguments in this Motion to Dismiss. The new Count VII contains similar defects to the original claims and is barred by the one-year statute of limitations.

### B. Factual Background

The Amended Complaint continues to pursue a single defendant Opencare, which, according to the allegations, provides dental care by connecting consumers with local dentists. (Dkt. 31, at ¶45). The Amended Complaint alleges that Plaintiffs Kady and Taylor represent themselves and others similarly situated in this class action lawsuit for unlawful

disclosure of IIHI and PHI to unauthorized third parties such as Google, Facebook, and TikTok in violation of Federal and California confidentiality of medical information laws. (*Id*. ¶¶ 1, 30-31, 38-39). The purported means of unlawful transmission is the use of software tracking mechanisms to collect certain data from website users on Opencare's website and passing that data to TikTok and Facebook to use in targeted advertising. (*Id*. at ¶¶ 63, 82, 86, 90.) The allegations include several screenshots attempting to show the transmission of private data, such as Internet Protocol (IP) address, city location, and/or inputted reason, such as "broken tooth" which is purportedly contained in web addresses connected to the Plaintiffs through their Google accounts. (*Id*. at ¶¶ 31, 39.) The Amended Complaint then includes screenshots of targeted advertisements that have purportedly been sent to Plaintiffs. (*Id*. at ¶¶ 108-109.) In sum, here, Plaintiffs complain about a <u>one-time</u> disclosure of private information that allegedly includes "dental conditions, booking information, and insurance information," without any specific identification of the person accessing the website. (Dkt. 31, at ¶ 7.) Plaintiffs seek damages for invasion of privacy, lost time and opportunity costs, loss of the benefit of the bargain, diminution of value of purported private information, statutory damages, and continued risk to purported private information. (*Id.* at ¶27).

Plaintiffs allege the following claims: Common Law Negligence (Count I); Invasion of Privacy (Count II); Breach of Confidence (Count III); Unjust Enrichment (Count IV); Electronic Communications Privacy Act (Count V); California Invasion of Privacy Act (Count VI); Unlawful Use of a Pen Register or Trap and Trace Device (Count VII); California Confidentiality of Medical Information Act (Count VIII); and California Customer Records Act (Count IX). (*Id.*, at ¶¶ 201-95.)

## III. LEGAL STANDARD

### A. Failure to State a Claim under Rule 12(b)(6)

A defendant may move to dismiss a claim on the basis that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 US at 555, 127 S.Ct. at 1964-1965).

A dismissal under Rule 12(b)(6) "may be based on either the 'lack of a cognizable legal theory' or on 'the absence of sufficient facts alleged under a cognizable legal theory'." *United Energy Trading, LLC v. Pacific Gas & Electric Co.*, 146 F.Supp.3d 1122, 1133 (N.D. Cal. 2015) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) where the allegations, accepted as true, fail to "'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-1965.

When reviewing the sufficiency of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citing *Outdoor Media Group, Inc v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007)). However, courts do not "'accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re Gilead Sciences. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**B. Lack of Article III Standing under Rule 12(b)(1)**

To establish standing, Plaintiffs must allege a concrete and particularized injury that is actual or imminent. *TransUnion, LLC v. Ramirez*, 594 U.S. 413, 423, 141 S.Ct. 2190, 2203, 210 L.Ed.2d 568 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); see also *Popa v. Microsoft Corp.*, 153

F.4th 784, 788 (9th Cir. 2025)). A concrete injury is "'real, and not abstract'". *Id.* at 424, 141 S.Ct. at 2204 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016)). Speculative future harm and generalized privacy concerns are insufficient. *Clapper v. Amnesty Int'l*, 568 U.S. 398, 411-415, 133 S.Ct. 1138, 1148-1150, 185 L.Ed.2d 264 (2013); *Popa*, 153 F.3d at 788. Plaintiff bears the burden of establishing the elements of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016).

## IV. LEGAL ANALYSIS

### A. Plaintiffs Fail to State a Claim Because Each Claim Is Premised Upon a Misunderstanding of the Type of Information Protected

The Amended Complaint should be dismissed because Plaintiffs cannot state any valid claim for relief due to the fact that the information shared never became IIHI or PHI. Those definitions do not apply until after a patient has been to see a physician or other healthcare provider. In this case, Opencare is akin to a receptionist. Upon first calling a receptionist, a person may provide demographic, insurance, and location information in order to schedule an appointment with a provider. This is not IIHI or PHI under Federal or California statutory definitions. Moreover, with respect to the limited information shared, Plaintiffs consented to disclosure through the applicable privacy policies of Opencare, Facebook, TikTok, and Google, as set forth in more detail below.

#### 1. Failure to State a Claim for Negligence

Pursuant to a California Common Law claim for negligence, Plaintiffs allege that Opencare breached a duty to exercise reasonable care to secure, safeguard, and protect Plaintiffs' private information by permitting unauthorized disclosure of their information and that this duty arose because of a special relationship between them (Dkt. 31, at ¶¶ 202-03) and a duty under HIPAA (*Id.* at ¶ 206).

To state a claim for negligence under California common law, Plaintiffs must plead facts to establish (1) a legally recognized duty requiring defendant to safeguard their confidential information; (2) conduct falling below the standard of reasonable care in

handling that information; (3) a causal connection between the alleged mishandling; and (4) actual, non-speculative damages. *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213, 483 P3d 159, 164, 276 Cal.Rptr.3d 434, 440 (2021) (citing *Nally v. Grace Community Church*, 477 Cal.3d 278, 292, 253 Cal.Rptr. 97, 763 P.2d 948 (1988)). Recovery under the negligence theory depends as a threshold matter on the existence of a legal duty of care. *Id.* (citing Southern Cal. Gas Leak_Cases, 7 Cal.5th 391, 397, 247 Cal.Rptr.3d 632, 637, 441 P.3d 881, 885 (2019)). Allegations that defendant "failed to protect PHI/IIHI" without identifying a specific, enforceable duty, facts showing breach, or plausible, nonspeculative injury, are insufficient as a matter of law.

Plaintiffs' claims of negligence rely almost entirely on an alleged duty under HIPAA, including specifically that Opencare "owed, and continue [sic] to owe, a duty to Plaintiffs and the Class to exercise reasonable care to secure, safeguard and protect their highly sensitive Private Information." (Dkt. 31, at ¶ 202). The Amended Complaint defines "Private Information" as Plaintiffs' and Class members' IIHI and PHI. (*Id*. at ¶ 1.) Plaintiffs also allege that Opencare owed a duty under HIPAA privacy laws. (*Id*. at ¶ 206.) Such claims fail as a matter of law because HIPAA creates no private right of action and cannot be used to define a tort duty that is enforceable under state common law. *Doe v. Meta Platforms, Inc.*, 690 F.Supp.3d 1064, 1087 (N.D. Cal. 2023) (dismissing negligence per se claim based on a duty created by HIPAA); *Austin v. Atlina*, 2021 WL 6200679, at *3 (N.D. Cal. Dec. 22, 2021) (granting a 12(b)(6) motion on a negligence claim based on an alleged HIPAA violation).

Another problematic allegation is Plaintiffs' contention that Opencare's conduct was illegal under advisory opinions issued by the Office of Inspector General – Department of Health & Human Services ("HHS"). (*See* Dkt. 31, at ¶ 20). One cited HHS opinion is "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates" to support their claim that tracking technologies are not permitted to disclose PHI to tracking technology vendors under HIPAA. However, this advisory opinion was vacated on June 20, 2024 by *Am. Hosp. Ass'n v. Becerra*, 738 F.Supp.3d 780, 799-804

(N.D. Tex. June 20, 2024) (holding the bulletin overstepped HHS's authority by expanding the definition of IIHI to include an individual's IP address captured on a public webpage about health conditions or health care providers.) *Becerra* further explained that connecting an IP address with an individual's visit to a unauthentic webpage fails both prongs of HIPAA's IIHI definition. *Id.* at 801-04. The information does not satisfy the "relates to" prong because the "information cannot become IIHI based solely on the visitors' subjective motive for visiting the page." *Id.* at 801. The information does not satisfy the "identifies" prong because one cannot know whether the purpose of the visit is for the user or someone one else – "unknowable subjective intent." *Id.* at 802. Several other HHS guidance documents and FTC advisory opinions are cited at Amended Complaint ¶¶ 16 n.3., 20 n.5, 86 n.26,125 n.34, 126 n.35, 146-148, and cannot be used to establish *per se* liability. *See United States v. Chooudhry*, 262 F.Supp.3d 1299, 1308 (M.D. Fla. 2017) (an OIG-HHS advisory opinion does not render a practice *per se* unlawful).

A separate and independent basis for dismissal is the use of speculative future harm to justify the claim. Breach of a duty causing only speculative harm or the threat of future harm does not satisfy the elements of negligence. *Low v. LinkedIn Corp*., 900 F.Supp.2d 1010, 1032 (N.D. Cal. 2012) (holding that plaintiffs failed to allege an "appreciable, nonspeculative, present injury" where they did not allege how they were foreclosed from capitalizing on the value of personal data.)

Here, Plaintiffs allege damages as follows: "loss of the benefit of the bargain, increased infiltrations into their privacy through spam and targeted advertising they did not ask for, loss of privacy, loss of confidentiality, embarrassment, emotional distress, humiliation, and loss of enjoyment of life." (Dkt. 31, at ¶ 208.)

This harm is speculative because Plaintiffs consented to the use of their information and could have opted out of the sharing of their information. Specifically, Facebook, Tik Tok, and Opencare have publicly available privacy policies to anyone via Internet search. (Dkt. 31, at ¶115 (acknowledging that Opencare's policy states third parties may "collect

information about your activity on our Website" *but see* https://www.opencare.com/privacy/ (making the privacy policy accessible to anyone on its website).[1]

In the Amended Complaint is a new allegation that "[b]ut for Plaintiff's status as a user of Defendant's services and Defendant's express and implied promises regarding the security of her Private Information, Plaintiff would not have disclosed such information to Defendant." (Dkt. 1, at ¶¶ 36, 44.) This acknowledges Plaintiffs' awareness of the privacy policy on Opencare's website at the time of access.

Plaintiffs could have opted out of targeted advertising from third parties as described in Opencare's Privacy Policy under Section 10 "Opt-Out Choices" and those entities specifically included Facebook, Google, and Microsoft). *See also* Meta Terms of Service Section 2 "[B]y using the Meta Products covered by these Terms, you agree that we can show you personalized ads and other commercial and sponsored content…We also use your personal data…to show you personalized ads and sponsored content…") available at https://www.facebook.com/terms/; *see* Tik Tok Term 's Terms of Service at Section 2 "By using the Services, you consent to the terms of the Privacy Policy." available at https://www.tiktok.com/legal/page/us/terms-of-service/en.

Since Plaintiffs have not established an enforceable duty or non-speculative injury, Count I must be dismissed.

### 2. Failure to State a Claim for Invasion of Privacy

As a separate and independent claim, Plaintiffs allege that Opencare had a duty to keep Plaintiffs' IIHI and PHI confidential and its failure constitutes an invasion of privacy. (Dkt. 31 at ¶¶ 212-24). However, invasion of privacy is not a legally cognizable theory of liability, and the Amended Complaint provides no additional clarity.

The use of tracking pixels or analytics is not offensive as a matter of law. *In re iPhone*

[1] Although the court usually does not consider material beyond the pleadings for a Rule 12(b(6) motion to dismiss, exceptions include matters of public record (Opencare, Meta, and TikTok's privacy policies). *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (superseded on other grounds) (On a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.") (citations omitted).

*Application Litigation*, 844 F.Supp.2d 1040 (N.D. Cal. 2012) involved similar complaints that the defendants collected and disclosed the plaintiffs' PII and geolocation data to third parties. *Id.* at 1063. The District Court concluded that, assuming these facts are true, they do not establish an egregious breach of societal norms under California's Constitution. *Id*. Likewise, in *Fogelstrom v. Lamps Plus, Inc.*, 195 Cal.App.4th 986, 992, 125 Cal.Rptr.3d 260 (2011), the court found that obtaining the plaintiff's address without knowledge or permission and using it to mail coupons and other advertisements was not a breach of social norms but rather normal, routine commercial behavior.

Nearly all of the alleged disclosures in this case involve allegations of regarding collection and disclosure of geolocation data or IP address to third parties. However, HIPAA only provides protection for an individual's street address, not city, state, zip, or the revealing of any of these locations through the IP address. (*See* Dkt. 31, at ¶ 97 *but see* 45 C.F.R. §160.103). Plaintiff attempts to sidestep the type of information protected by citing to the HIPAA standard for complete de-identification of data, which is not the same as the standard requiring protection of PHI or IIHI. (*See, e.g.*, Dkt. 31, at ¶ 16 n.3; ¶ 17 n.4; ¶ 86, n.26). Unlike the Amended Complaint contends, healthcare providers are not required to de-identify data unless they want to use it for a specific purpose, such as medical research, comparative effectiveness studies, or policy assessment. *See* HHS "*Guidance Regarding Methods for De-identification of Protected Health Information in Accordance with the HIPAA Privacy Rule*" at Section 1.3 "De-identification and its Rationale" at p. 5 (2012), accessible at https://www.hhs.gov/sites/default/files/ocr/privacy/hipaa/understanding/coveredentities/De-identification/hhs_deid_guidance.pdf).

Moreover, California does not recognize a common law privacy or constitutional right of action for requesting, sending, transmitting, communicating, distributing, or commercially using ZIP Codes. *See also Big 5 Sporting Goods Corp. v. Zurich Am. Ins. Co*., 635 Fed. App'x 351, 354 (9th Cir. 2015). Therefore, Count II must be dismissed as failing to meet the standing of plausible pleading. *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974).

### 3. Failure to State a Claim for Breach of Confidence

As a slight variation on the above, Plaintiffs allege that Opencare had a duty to keep medical information confidential and that Opencare disclosed and transmitted medical information to third parties without Plaintiffs' knowledge, consent, or authorization in violation of their HIPAA obligations. (Dkt. 31, at ¶¶ 118-40, 226-31). Again, Plaintiffs critically rely upon their own false interpretation of the type of information required to be protected.

Opencare need not dispense with the elements of this claim because California does not recognize a standalone tort for breach of confidence outside of a traditional, confidential professional relationship such as a physician-patient relationship. *SocialApps, LLC v. Zynga, Inc*., 2012 WL 381216 at *3 (Feb. 6, 2012). Plaintiffs do not allege that such a special relationship existed with Opencare, only that it had a duty to keep "medical information" confidential. (Dkt. 31, at ¶ 226.) Moreover, Plaintiffs consented to Opencare's privacy policy which specifically states what information it collects, uses, and discloses, including giving Plaintiffs an opportunity to opt-out.

Court III fails to establish an essential element of a confidential relationship; therefore, dismissal is warranted.

### 4. Failure to State a Claim for Unjust Enrichment

As its fourth count, Plaintiffs allege an equitable claim that Opencare was unjustly enriched by the purported collection and use of Plaintiffs' IIHI and PHI. (Dkt. 31, at ¶¶ 232-38.) To establish this claim, Plaintiffs must plead facts showing: (i) a benefit was actually conferred on defendant by plaintiffs; (ii) that defendant retained that benefit; and (iii) that retention would be unjust. *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038-39 (citing *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726, 91 CalRptr.2d 881 (2000). In theory, provision of information with both a monetary value and expectation of payment to Plaintiffs could give rise to a claim for unjust enrichment, but the Plaintiffs plead no facts to support the monetary value of the purported information provided, nor do Plaintiffs explain how Opencare has been able to monetize said information. There are no

facts pleading that Opencare retained the benefit or that retention of the benefit is unjust. In sum, the claim fails to meet the particularized pleading standards of *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974).

Accordingly, Count IV must be dismissed.

**5. Failure to State a Claim for Violation of Electronic Communications Privacy Act**

In what is now very apparently a 'kitchen-sink' complaint, Plaintiffs next allege that the Opencare website intentionally intercepted Plaintiffs' electronic communications which Opencare then tracked, stored, and disclosed to unauthorized third parties in violation of the Electronic Communications Privacy Act ("ECPA"), the only Federal claim stated. (Dkt. 31, at ¶ 253.)

The Amended Complaint does little more than cite the statutory language of ECPA, 18 U.S.C. §2511(1), which provides a private right of action against any person who:

> (i) "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication," 18 U.S.C. §2511(1)(a), or
>
> (ii) "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of" the Wiretap Act, 18 U.S.C. §2511(1)(c), or
>
> (iii) "intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of" the Wiretap Act, 18 U.S.C. §2511(1)(d).

Here, Plaintiffs' claim fails because: (i) the content at issue is not covered by the narrow statutory definition; (ii) Opencare was a party to the communication and cannot intentionally intercept its own communication (18 U.S.C. § 2511(2)(c)); and (iii) Plaintiffs consented to the communication (as noted above in Section IV(A)(1)). Each of these items is standing alone is a fatal defect warranting dismissal of Count V.

Notably, as mentioned above in (i), the Amended Complaint alleges that geolocation data or IP address were determined by Opencare and shared with others. (Dkt. 31, at ¶¶ 155-163.) However, the location or IP address is not content-based. As alleged elsewhere in the Amended Complaint several times over, it is a pixel that tracks, not a spoken word. (*See, e.g*, Dkt. 31, at ¶¶ 3, 79.) Where, as here, the statute defines "content" narrowly as "any information concerning the substance, purport, or meaning of a communication" (18 U.S.C. § 2510(8), Plaintiffs have failed to allege any actionable facts supporting intentional interception in violation of the ECPA. *See also In re iPhone Application Litigation*, 844 F.Supp.2d 1040, 1061 (N.D. Cal. 2012) (holding that plaintiff did not state a claim for relief under the federal Wiretap Act as a user's geolocation data is not "content" under the Act because it is automatically generated and not transmitted by any intent of the user). Accordingly, Count V must be dismissed.

#### 6. Failure to State a Claim for Violation of California Invasion of Privacy Act

Plaintiffs succeeding claim for violations of the California Invasion of Privacy Act ("CIPA") also falls by the wayside due to the Plaintiffs' consent and the fact that a party cannot wiretap its own communications. Alternatively, the statute of limitations bars this claim for Plaintiff Kady.

California Penal Code §631(a) establishes criminal penalties for anyone who "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument. . . who willfully and without the consent of all parties. . . attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit. . . who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do. . . any of the acts or things mentioned above. . . ."

Of the four clauses to the statute, Plaintiffs' allegations charge Opencare with

violations of the first and fourth clauses, including (a) that it intentionally wiretapped its own communications and (b) that it aided and abetted a third-party in doing so. (Dkt. 31, at ¶¶ 266-67.) Although Plaintiffs immediately thereafter allege that there was no consent to the wiretap, the Amended Complaint's allegations may be undermined by more specific facts alleged elsewhere in the Amended Complaint. (*See id.* ¶ 268 *but see* ¶ 115 (acknowledging that Opencare's policy states third parties may "collect information about your activity on our Website"). *See* https://www.opencare.com/privacy/y (advising that "If you do not agree with our policies and practices, you should not use the Website or the Services.").)

Federal and California courts have held several times over that a party cannot tap its own communications in violation of Section 631. *See, e.g, Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 519-20 (C.D. Cal. 2021) (collecting cases); *Warden v. Kahn*, 99 Cal. App.3d 805, 811 (1979) ("Insofar as section 63 is concerned, appellant's claim is without merit. That section, which is quite ambiguous, has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation.") (citations omitted).

CIPA has a one-year statute of limitations. Cal. Civ. Proc. Code §340(a). Plaintiff Kady used the website in July 2023, (Dkt. 31, at ¶ 30), which means the statute of limitations ran in July 2024. This claim was first filed in the Complaint on June 13, 2025, nearly twelve months after the statute of limitations passed. These defects are fatal to Count VI.

### 7. Failure to State a Claim for Unlawful Use of a Pen Register or Trap and Trace Device

In thew new Count VII, Plaintiffs assert that Opencare uses a pen register device or process and/or a trap and trace device or process on the website by deploying tracking technologies which are designed to capture IP addresses, private information, and other information. (Dkt. 31, at ¶ 274). This claim should be dismissed for failure to state a claim because consent of the user is an exception to the use of pen registers and trap and trace devices (Cal. Penal Code §638.51(b)(5)). Plaintiff Kady is also barred by the applicable

one-year statute of limitations. *See Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020); Dkt. 31, at ¶ 30 (alleging that Plaintiff Kady accessed Opencare in July 2023). Even if one were to claim that the allegation relates back to the original complaint, which was filed on June 13, 2025, the statute of limitations had run nearly 12 months before then.

Although the Amended Complaint tracks the statute by generally alleging that Opencare did not obtain consent to the use of pen registers or trap and trace devices to locate or identify users of the website, (Dkt. 31, at ¶ 275), this allegation is undermined by more specific facts alleged elsewhere in the Amended Complaint. (*See id.* ¶ 115 (acknowledging that Opencare's policy states third parties may "collect information about your activity on our Website"). *See supra* Section IV-A-1 for a more complete discussion of consent.

For all these reasons, Count VII must be dismissed.

**8. Failure to State a Claim for Violation of California Confidentiality of Medical Information Act (CMIA)**

The consent allegations arise for a fourth time in the stated disclosure of medical information "to unauthorized persons without first obtaining consent. . . ." (*Id*., at ¶ 280). Consent in CMIA context has a statutory definition which requires a written authorization in at least 14-point that specifies the uses and limitations of the types medical information to be disclosed, who may disclose it, who may receive it, and the expiration date. Cal. Civ. Code § 56.11. Here, it is unclear whether the Plaintiffs have provided the proper authorization, as the Amended Complaint lacks any facts regarding these details.

Plaintiffs are otherwise barred from pursuing this claim because Opencare is not a "provider of health care" under CMIA and Plaintiffs are not "patients", despite the conclusory allegations otherwise. (Dkt. 31, at ¶¶ 278-79 *but see* Cal. Civ. Code §56.05(p), which states:

> "Provider of health care" means a person licensed or certified pursuant to Division 2 (commencing with Section 500) of the Business and Professions Code; a person licensed pursuant to the Osteopathic Initiative Act or the Chiropractic Initiative Act; a person certified pursuant to Division 2.5 (commencing with Section 1797) of the Health and Safety Code; or a clinic,

> health dispensary, or health facility licensed pursuant to Division 2 (commencing with Section 1200) of the Health and Safety Code.

Here, Plaintiffs do not allege, nor can they allege, that Opencare holds any healthcare license. Therefore, pursuant to Cal. Civ. Code §56.05(p), Opencare cannot satisfy the definition of healthcare provider set forth in the California Business & Professions Code, the Osteopathic Initiative Act, or the Chiropractic Initiative Act, and does not qualify as a licensed clinic, health dispensary, or health facility under the California Health & Safey Code. Consequently, Opencare is not required to safeguard electronic information pertaining to Plaintiffs. (*See* Dkt. 31, at ¶ 282 *but see* Cal. Civ. Code § 56.101(a).)

Section 56.05(m) defines a "patient" as "a natural person, whether or not still living, who received health care services from a ***provider of health care*** and to whom medical information pertains." (emphasis added). Whether Plaintiffs qualify as "patients" is dependent upon whether Opencare is a "provider of healthcare" who has already provided services, such as evaluation of a medical ailment, that has resulted in the creation of "medical information" about the person. Here, that interaction with a healthcare provider has not yet happened, because Plaintiffs are at the appointment stage. They have yet to see a dentist or receive any diagnosis.

The definition of "medical information" is likewise dependent on whether the information came from a "provider of healthcare." *See* Cal. Civ. Code § 56.05(j). Plaintiffs' IP address, city, state, zip code, the presence of insurance, etc. do not arise from a "provider of healthcare" and therefore do not constitute "medical information." *Eisenhower Med. Ctr. v. Super. Ct.*, 226 Cal. App. 4th 430, 437; 172 Cal. Rptr. 3d 165, 170 (2014) (holding that "under the CMIA a prohibited release by a healthcare provider must include more than individually identifiable information but must also include information relating to medical history, mental or physical condition, or treatment of the individual.")

In sum, Court VIII alleges only conclusory allegations which utterly fail to meet particularized pleading requirements. *In re Accellion, Inc. Data Breach Litigation*, 713

F.Supp.3d 623, 643 (N.D. Cal. 2024) ("conclusory recitations of the requisite statutory showing are not enough to state a claim" under CMIA) (citing *Iqbal*, 556 U.S. at 678).

**9. Failure to State a Claim for Violation of the California Customer Records Act (CCRA)**

The final Count IX is for violations of CCRA, which is – at its heart – a breach notification law intended to protect consumers by alerting them to security incidents in which their private information is compromised. In this final claim, Plaintiff does its best to assert a "breach of the security system" and an "unauthorized acquisition of computerized data that compromised the security, confidentiality or integrity of [Plaintiffs'] personal information." (Dkt. 31, at ¶ 288). Both allegations fail as a matter of law.

To state a claim for violation of the CCRA, Plaintiffs must plead facts sufficient to prove that Opencare: (i) maintained "personal information" as defined by statute; (ii) suffered a "breach of the security of the system" involving the unauthorized acquisition of that information; (iii) failed to implement "reasonable security procedures and practices" as required by Civil Code §1798.81.5; (iv) failed to provide timely and adequate breach notification under §1798.82; and (v) caused actual, non-speculative harm. Cal. Civ. Code §§1798.81.5, 1798.82.

The CCRA requires disclosure if: (i) a business maintains or owns personal information; (ii) there is an unauthorized acquisition of that information; (iii) that is caused by a breach of the security of the system; and (iv) which affects a California resident. Cal. Civ. Code § 1798.82(a), (b), (h). The CCRA requires a dismissal of this claim as to Plaintiff Taylor who is an alleged resident of the State of Michigan. (Dkt. 31, at ¶ 37).

Dismissal is warranted as to both Plaintiffs because: (a) they authorized the use of tracking technologies (*Id.* ¶ 115); (b) the information does not meet the statutory definition of "personal information"; and (c) there has been no breach of the duty to safeguard that information. *See* Cal. Civ. Code § 1798.82(h) (CCRA defines "personal information" as: (i) an individual's first name or first initial and last name <u>in combination with one of the</u>

following unencrypted elements: (ii) social security number, (iii) driver's license number, account number or credit or debit card number, (iv) medical information, (v)health information, (vi) biometric data, (vii) information collected from use of automated license plate recognition, or (vii) genetic data.) The Amended Complaint fails to identify any unencrypted elements which were combined with Plaintiff Kady's individual's first name or first initial and last name. *See id.* at §1798.82(h) (CCRA defines a "breach of the security system" as "unauthorized acquisition of computerized data that compromises the security, confidentiality, or integrity of personal information maintained by the individual or business."). There is no unintentional or reckless loss of a consumers private information;

Each of these failures are fatal to Count IX, which must be dismissed.

**B. Plaintiffs Lack Article III Standing to Bring the Claims**

Plaintiffs lack Article III standing because: (i) they fail to allege a concrete injury; (ii) their allegations of future harm are speculative and not imminent; and (iii) they lack standing for injunctive relief.

The use of tracking technologies on a website does not, by itself, establish the "concrete harm" needed for Article III standing. *See Popa v. Microsoft Corp*., 153 F.4th 784, 790-91 (9th Cir. 2025) (noting the Circuit split and finding that *TransUnion* requires a court to assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system.) In *Popa*, the plaintiff did not explain how the tracking of her interactions on the PSP website caused her to experience any kind of harm that is a "highly offensive" interference or disclosure actionable at common law. *Id*. at 791. The Ninth Circuit cites *Baysal v. Midvale Indem. Co*., 78 F.4th 976, 979 (7th Cir. 2023) for the premise that disclosure of a driver's license number, for example, would not constitute the sort of embarrassing or intimate details that make invasions of privacy actionable under common law. *Id*. at 790. The Court also recognizes that the hypotheticals set forth in the Restatement (Second) of Torts are far more egregious, for example, peering into another's apartment using a telescope lens to take intimate pictures and publishing, without consent, a picture of a mother nursing her child. *Id*. In comparison, allegedly

collecting Plaintiffs' city, state, zip, insurance status, and need for a dental appointment do not give rise to the kind of embarrassing and highly offensive data need to establish standing.

In the case of *Khamooshi v. Politico LLC*, 786 F.Supp.3d 1174 (N.D.Cal. 2025), the District Court specifically looked at the issue of a concrete injury and disclosure of private information in the context of a claim alleged under Cal. Penal Code § 638.51 (Count VII). *Khamooshi* concluded that: (i) alleged disclosure of browser and device data and other identifying data is too vague to constitute a concrete injury; and (ii) IP addresses are not a legally protected privacy interest and therefore not an injury in fact. *Id.* at 1179-1182 The District Court noted that protectable privacy interests are more likely found where browsing histories are revealed and include an individual's likes, dislikes, interests, and habits *over a significant amount of time*. *Id.* at 1182 (citing *Facebook Internet Tracking*, 956 F.3d 15 598-99). Whereas here, Plaintiffs complain about a <u>one-time</u> disclosure of private information that allegedly includes "dental conditions, booking information, and insurance information," without any specific identification of the person accessing the website. (Dkt. 31, at ¶ 7.)

The Amended Complaint generally asserts non-concrete injuries such as "diminution of value" of their disclosed information, "loss of the benefit of the bargain" and "targeted advertising." (Dkt. 31, at ¶¶ 27-28, 33, 108, 184). Unauthorized collection of personal information does not create an economic loss; Plaintiffs must allege how the use of the information deprived Plaintiffs of the information's economic value. *In re iPhone Application Litigation*, 2011 WL 4403963, at *4 (N.D. Cal. Sept. 20, 2011); *Low v. LinkedIn Corp.*, 2011 WL 5509848, at *4-5 (N.D. Ca. Nov. 11, 2011). Allegations of profit by a third party are not enough. *In re Google, Inc. Privacy Policy Litig.*, 2013 WL 6248499, at *5 (N.D. Cal. Dec. 3, 2013).

Plaintiffs also lack standing under Article III because the risk of future harm to their information cannot give rise to actual, imminent harm. (*See* Dkt. 31, at ¶ 27 *but see TransUnion LLC v. Ramirez,* 594 U.S. at 426, 435-39 (2021) (holding that future risk is not

concrete harm unless the future harm would also materialize into a concrete harm); *see also Khamooshi*, 786 F.Supp.3d at 1183. Impending harm is required to support the Amended Complaint's alleged injunctive relief. *Clapper v. Amesty Int'l*, 568 U.S. 398, 411 (2013) (holding that plaintiffs failed to demonstrate that the feared future injury was impending). Because Plaintiffs do not plausibly allege any claims of concrete or imminent harm which would meet the standing for "highly offensive" sharing of Plaintiffs private information, Plaintiffs lack standing. Since standing is a jurisdictional prerequisite to all of the claims, the Amended Complaint must be dismissed under Rule 12(b)(1).

Finally, Counts 6 and 7 do not even attempt to allege civil standing to pursue violations of criminal law. In California, there are ways in which criminal violations can be pursued civilly, but only if there has been a resulting injury to the Plaintiffs (and supports a duty of due care) or the statute provides for a private right of action. *Johnson v. Honeywell Internat. Inc*., 179 Cal. App. 4th 549, 558; 101 Cal. Rptr. 3d 726, 732 (2009) ("Under the doctrine of negligence per se, the plaintiff "borrows" statutes to prove duty of care and standard of care. . . The plaintiff still has the burden of proving causation [of harm]."); *see also Lagrisola v. N. Amer. Fin. Corp*., 96 Cal. App. 5th 1178, 1196; 314 Cal. Rptr. 3d 941, 954 ("A violation of a state statute does not automatically give rise to a right of recovery by a private individual. Courts will allow a private right of action only where . . . [t]he statute. . . [contains] clear, understandable, unmistakable terms, which strongly and directly indicate a private right of action is allowed." (internal quotations omitted)). Here, the Plaintiffs do <u>not</u> even allege causation of injury resulting from purported violations of these criminal laws. (*See* Dkt. 31, at ¶¶ 262-76.) And neither statute contains a private right of action. For these additional reasons, Counts VI and VII must be dismissed.

In sum, Plaintiffs are not seeking to remedy any harm to themselves, and, instead, are attempting an end run around the appropriate regulatory process so that they may obtain monetary damages, injunction, and class action recoveries. As stated in *TransUnion*, these motivations are not grounds for Article III standing. *TransUnion, LLC v. Ramirez,* 594 U.S. 413, 428, 141 S.Ct. 2190, 2206, 210 L.Ed.2d 568 (2021).

### C. Leave to Amend Should be Denied as Futile

The District Court should generally allow leave to amend, but not when "'the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Courts do not need to grant leave to amend if an amendment would be futile. *See id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, amendment is futile because there are no set of facts which would render the claims in the Amended Complaint actionable against Opencare. Not only is it not a healthcare provider, but Plaintiffs were not patients, and the information was not medical.

Generally, a person "has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Khamooshi v. Politico LLC*, 76 F.Supp.3d 1174, 1179 (2025) (quoting *Carpenter v. United States*, 585 U.S. 296, 307, 138 S.Ct. 2206, 201 L.Ed.2d 507 (2018)). There is no reasonable expectation of privacy to IP addresses. *Id.* at 1179 (citing *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008)). Even under a garden-variety breach of common law privacy, the Amended Complaint fails because the circumstances of disclosure are not highly offensive or based in a common law private right. Plaintiffs' lack of standing is independently fatal to the Amended Complaint, as the Plaintiffs' harm was avoidable and abstract.

Plaintiffs have already had an opportunity to address these legal arguments through amendment of the original Complaint. Any further amendment would be futile.

## V. CONCLUSION

Opencare respectfully requests that the Court dismiss the Amended Complaint and each claim and requested relief alleged, and deny leave to amend.

**FENNEMORE LLP**

Dated: January 14, 2026

*/s/ Maggie DiCostanzo*
Maggie DiCostanzo
Attorneys for Defendant OPENCARE, INC.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18881 Von Karman Ave., Suite 1260, Irvine, CA 92612.

On January 14, 2026 , I served true copies of the following document(s) described as:

**DEFENDANT OPENCARE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 12(b)(1),(6); ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

on the interested parties in this action as follows:

**[X] By CM/ECF**: I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to each CM/ECF registrant's electronic address, as disclosed with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 14, 2026, at Irvine, California.

/s/ Tim Dorsey
Tim Dorsey