Katherine A. Bowles, State Bar No. 287426
kbowles@fennemorelaw.com
Maggie DiCostanzo, Pa. Atty ID No. 86305
(Admitted Pro Hac Vice)
mdicostanzo@fennemorelaw.com
**FENNEMORE LLP**
18881 Von Karman Ave., Suite 1260
Irvine, CA 92612
Tel: (949) 430-3437
Fax: (949) 752-0953
Attorneys for Defendant Opencare, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANNABEL KADY, et al.,

Plaintiff,

v.

OPENCARE, INC.,

Defendant.

Case No. 4:25-cv-05037-KAW

**DEFENDANT OPENCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

| | |
|---|---|
| Date: | February 19, 2026 |
| Time: | 1:30 p.m. PST |
| Courtroom: | Oakland Courthouse<br>1301 Clay Street,<br>Oakland, California 94612 |

**REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

## I. INTRODUCTION

By way of its Opposition, Plaintiffs Annabel Kady and Alexys Taylor ("Plaintiffs") introduce facts and claims which are nowhere found in the Amended Complaint, in an apparent attempt to convert Defendant Opencare's ("Opencare") dental appointment service website into some sort of criminal scheme to gather individualized and sensitive about the Plaintiffs, and others similarly situated, and wrongfully convert it. (*See, e.g.*, Dkt. 36, Opposition at 20:11-12, n.17 and 15:3 to 16:1.)

What Plaintiffs fail to address – despite raising it in both motions to dismiss and after two complaints – is that Opencare is akin to an office receptionist who, upon receiving an initial call from a person, asks someone else in the waiting room whether the dentist has an appointment available for someone with a broken tooth or urgent need who lives in the city and has Aetna insurance. (*See* Dkt. 31, ¶¶ 97-105, with screenshots.) In the course of this disclosure, the person's name is not identified. The street address is not disclosed. The insurance policy number is not disclosed. The person has yet to visit with a dentist or receive any diagnoses, and the receptionist has yet to confirm whether the person who needs the appointment is the same as the person on the phone. Plaintiffs' erroneously claim that this interaction creates an unlawful and highly offensive sharing of Protected Health Information (PHI) and Individually Identifiable Health Information (IIHI).

The federal and state patient privacy laws do not support Plaintiffs' position. The purpose of these laws is to prevent unauthorized disclosure of sensitive and individualized information. An objective person overhearing the receptionist in the waiting room would not be able to tell who that person was, even in a small city, as anyone in that city could be on the other end of that phone call. The information shared is not individualized or sensitive, and would not result in a finding that the receptionist disclosed PHI or IIHI. We do not hold receptionists liable under wiretapping laws either. We ask the Court to apply the same logic here and respectfully request that the Court grant Opencare's Motion to Dismiss.

## II. PROCEDURAL BACKGROUND

On December 12, 2025, Opencare filed a Motion to Dismiss based on Plaintiffs' lack of standing and failure to state a claim upon which relief may be granted. (Dkt. 28.) On January 2, 2026, Plaintiffs filed an Amended Complaint (Dkt. 31), in which they added a new claim for Unlawful Use of a Pen Register or Trap and Trace Device (Count VII).

On January 14, 2026, Opencare filed a Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 33), as Plaintiffs failed to cure the defects set forth in the first Motion to Dismiss. That is, the Amended Complaint: (1) does not satisfy Article III standing; (2) fails to state claims upon which relief may be granted; (3) contains claims barred by the statute of limitations; and (4) any amendment would be futile. On January 28, 2026, Plaintiffs filed an Opposition. (Dkt. 36.)

## III. LEGAL ARGUMENT

The Amended Complaint should be dismissed, without leave to amend, on the bases that: (a) Plaintiffs misstate the legal requirements for IIHI or PHI; (b) Plaintiffs consented to the disclosure of the information they did provide to Opencare; (c) two of Plaintiff Kady's claims are barred by the applicable statute of limitations; and (d) Plaintiffs failed to oppose certain arguments which results in waiver.

### A. Plaintiffs Concede That There Is No Standing to Pursue Certain Claims

The Opposition continues to misstate what constitutes PHI and IIHI and fails to address, in large part, Opencare's arguments in the Motion to Dismiss.

For instance, Plaintiffs have not included any additional facts supporting actual, imminent harm to a specific, identifiable right in response to Opencare's argument that Plaintiffs have failed to meet the requisite injury required for Article III standing to support Counts I through IX. (Dkt. 33, at 17:11 to 19:8.) Failure to respond to an opening brief waives the issue or results in abandonment. *See* Dkt. 31, at ¶¶ 27-28, 33, 108, 184 *but see Weekly v. United States*, 2023 WL 6796428, at *5 (E.D. Cal. Oct. 13, 2023) (stating that a plaintiff's failure to respond to a defendant's argument set forth in a dispositive motion

constitutes waiver of that argument); *see also Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting the plaintiff abandoned claims by not raising them in the opposition to the defendant's motion to dismiss). Notably, Plaintiffs also expressly abandon Count IX. (Dkt. 36 at 9, n.6.)

As another example, Plaintiffs do not address the lack of standing to pursue the purported violations of criminal law set forth in Counts VI and VII, which are typically prosecutable only by the local District Attorney. (*See* Dkt. 33, at 19:9.) Again, the failure to address this legal requirement concedes the issue.

**B. Plaintiffs' Data Is Not Protected by HIPAA or CMIA**

The Motion to Dismiss provides legal cites to support that the alleged disclosed data, including insurance status, city location, IP address, whether there is an emergency or urgent need for dental care, and the reason why, do not constitute PHI or IIHI. (*See* Dkt. 31, at ¶¶ 97-105, with screenshots, *but see* Dkt. 33, at 5:16-17, 7:3-9, 9:9-26, and 10:5-7.)

The Opposition does nothing to advance Plaintiffs' claim that Opencare is a healthcare provider, when Opencare plainly does not satisfy the required definition. (Dkt. 33, at 15:4-9.) If Opencare is not a health provider, then the information shared is not PHI or IIHI. IIHI includes demographic information, which is: (1) received by a healthcare provider; (2) related to health condition or medical care; (3) that identifies the individual; and (4) for which there is a reasonable basis to believe the information can be used to identify the individual. 45 C.F.R. §160.103. Meanwhile, PHI is IIHI that has been transmitted or maintained electronically. 45 C.F.R. §160.103. Information that is not IIHI cannot be PHI either.

Since Counts I, II, III, and IV are dependent on the information being PHI or IIHI, they fail as a matter of law.

**C. Plaintiffs Admit That They Consented to Certain Disclosures**

The Opposition argues that Opencare's Privacy Policy does not defeat their claims, and that even if Plaintiffs had reviewed the Privacy Policy, it is too "contradictory" and

"ambiguous" to provide consent. (Dkt. 36, at 7:1 to 8:2; 8:1-2.) These arguments belie Plaintiffs' own admissions in the Amended Complaint that "but for" the promises in the Privacy Policy about security of their information, Plaintiffs would not have disclosed the information they did. (Dkt. 31, at ¶¶ 36, 44.) Accordingly, Plaintiffs' own factual allegations admit that they understood the Privacy Policy before disclosing information to Opencare.

Since Counts I, II, III, V, VI, VII, and VIII are dependent on the unauthorized sharing of personal information, they fail as a matter of law.

**D. Counts VI and VII Are Time-Barred**

As noted in the Motion, Plaintiff Kady has allowed the appliable statute of limitations to run on Count VI, California Invasion of Privacy Act, and Count VII, Unlawful Use of a Pen Register or Trap and Trace Device. The Opposition concedes the one-year statute of limitations, but asserts that the discovery rule saves these claims. (Dkt. 36, at 13:6 to 14:6.) Plaintiff Kady argues, for the first time in the Opposition, that she did not discover the alleged violations until shortly before filing the Complaint (Dkt. 1, filed June 13, 2025), despite her due diligence. (Dkt. 36, at 13:16-17.) However, the Amended Complaint concedes that Plaintiff Kady started to receive unsolicited advertisements related to her disclosure of medical information "immediately" after using Opencare's website. (Dkt. 31, at ¶ 31; Dkt. 36, at 3:11-13; 18:18-19.) If Plaintiff Kady received the unwanted advertisements immediately, then a reasonable person would have been on inquiry notice right away in July 2023. Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects that someone did something wrong to her; that is, when she has notice or information of circumstances that would put a reasonable person on inquiry. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110, 245 Cal.Rptr. 658, 751 P.2d 923, 927 (1988) (citing *Gutierrez v. Mofid*, 39 Cal.3d 892, 896-897, 705 P.2d 886, 218 Cal.Rptr. 313, 315 (1985)). Plaintiff need not be aware of the specific facts to establish the claim, but as long as suspicion exists, it is clear that Plaintiff must go find the facts and cannot wait for the facts to find her. *Id.* at 928. Accordingly, the statute of limitations ran in or about July 2024,

nearly a year prior to filing the Complaint.

Moreover, as Plaintiff Kady acknowledges, to trigger the discovery rule, Plaintiff Kady must plead: (1) the time and manner of discovery and (2) the inability to have made an earlier discovery despite reasonable diligence. (Dkt. 36 at p. 13, lines 13-15 (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005).) Plaintiff Kady fails to provide any factual information supporting the manner of discovery and why she was unable to have made an earlier discovery. The lack of facts is fatal to her reliance on the discovery rule.

For this additional reason, Plaintiff Kady's Counts VI and VII should be dismissed.

**E. <u>Plaintiffs Cannot Add New Legal Claims in an Opposition Brief</u>**

The Opposition attempts to assert a new claim for invasion of privacy under the California Constitution, even though the Amended Complaint only asserts a claim under common law. (*See* Dkt. 36, at 20:11-12 *but see* Dkt. 31, at ¶¶ 212-220.) In fact, the Amended Complaint and original complaint do <u>not</u> contain a single reference to the California Constitution. Plaintiffs' ever shifting allegations violate the letter and spirit of Federal Rule of Civil Procedure ("Rule") 10(b), because the allegations, claims, and legal bases are constantly shifting in order to justify Plaintiffs' theory of recovery, which deprives Opencare from receiving proper notice of the claims alleged against it. *Vance v. American Soc. of Composers, Authors, & Publishers*, 13 F.R.D. 109, 112-13 (S.D.N.Y. 1952) (Granting a motion to restate the complaint in compliance with Rule 10(b) and stating "Clearly, it is 'the better practice and more consonant with the requirement of the rules and the spirit of the simpler procedure they inaugurated, to state [claims] separately.'") *See also Novak v. Cobb Cnty. Kennestone Hosp. Auth.*, 74 F.3d 1173, 1175 & n.5 (11th Cir. 1996) (referring to a complaint that pled multiple causes of action in a single count as essentially a "shotgun pleading"); *Anderson v. District Bd. Of Trustees of Cent. Fl. Community College*, 77 F.3d 364, 366 (11th Cir. 1996) (finding that failure to "present each claim for relief in a separate count, as required by Rule 10(b)," amounts to a "shotgun pleading").

Similarly, in Plaintiffs' claim for violation of California's Confidentiality of Medical

Information Act (CMIA), in the original Complaint, at Count VII, and the subsequent Amended Complaint, at Count VIII, Plaintiffs plead that Opencare is a "provider of healthcare." (Dkt. 1, at ¶ 250; Dkt. 36, at 15:3 to 16:4.) Yet, for the first time in the Opposition, Plaintiffs identify Opencare as "any other entity" and a "contractor" which have distinct definitions under CMIA. The Court should not entertain these new legal theories, specifically where, as here, they have not been supported with any facts in the original complaint or Amended Complaint. *See Nathanson v. Polycom, Inc.*, 87 F.Supp.3d 966, 985 (N.D.Cal. 2015) (refusing to review theories of liability not raised in the complaint and raised for the first time in opposition to defendant's motion to dismiss); *Gerritsen v. Warner Bros. Entertainment Inc.*, 116 F.Supp.3d 1104, 1125-1126 (C.D. Cal. 2015). A plaintiff's pleadings control the issues to be determined, in order to ensure the defendant receives proper notice of claims. *See Vance*, 13 F.R.D. at 112-13 ("The complaint here does violence to the purpose of the Rule. . . because of the utter impossibility of isolating and defining the precise claims plaintiff is alleging against particular defendants. . . .").

**F. <u>The Opposition Brief does not Overcome Pleading Deficiencies</u>**

The Opposition also raises the below issues which cannot and have not been cured by alleging any additional facts in the Amended Complaint:

*1.* <u>Count I Negligence</u>: HIPAA cannot be used to establish a duty. (*See* Dkt. 31 at ¶ 206 *but see* Dkt. 33, at 6:16-21.)

*2.* <u>Count III Breach of Confidence</u>: California does not recognize this as a stand-alone tort outside of a confidential, professional relationship like that of a physician-patient. There is no such thing as a "telehealth institution." (*See* Dkt. 31 at ¶ 228 *but see* Dkt. 33, at 8:22-23.)

*3.* <u>Count IV Unjust Enrichment</u>: Plaintiffs fail to allege facts about monetary value of the information, a required element. (*See* Dkt. 31 at ¶¶ 232-238 *but see* Dkt. 33, at 10:25 to 11:1.)

///

## IV. **CONCLUSION**

For the reasons set forth above and in the Motion to Dismiss, the Motion should be granted without leave to amend.

**FENNEMORE LLP**

Dated: February 4, 2026

*/s/ Maggie DiCostanzo*
Maggie DiCostanzo
Katherine A. Bowles
Attorneys for Defendant OPENCARE, INC.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18881 Von Karman Ave., Suite 1260, Irvine, CA 92612.

On February 4, 2026 , I served true copies of the following document(s) described as:

**DEFENDANT OPENCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

on the interested parties in this action as follows:

**[X] By CM/ECF**: I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to each CM/ECF registrant's electronic address, as disclosed with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 4, 2026, at Irvine, California.

/s/ Tim Dorsey
Tim Dorsey